JOHN WILLIAMS, Plaintiff in Error, *v.* ISAAC D. VANMETRE, Defendant in Error.

ERROR TO COLES.

A writ of attachment, if without a seal, is void.
An interpleader, claiming property attached, if unanswered, will be taken to be true.
A judgment should not be taken against a garnishee without filing interrogatories for him to answer; or without taking a conditional default, and the issuing of a *scire facias* against him.

THIS was a suit in the Coles Circuit Court, commenced by attachment, at the instance of Vanmetre, the defendant in error, against one John W. Hankins, in which the plaintiff in error, John Williams, was summoned as garnishee. The writ is without a seal.

Affidavit was filed, alleging indebtedness of one hundred and thirty-seven dollars and fifty cents, and how due from Hankins to Vanmetre, that Hankins had departed this State with the intention of removing his effects and personal property therefrom.

Bond was filed according to law.

Whereupon the writ of attachment issued, directed against the property of Hankins, and authorizing the sheriff to summon Williams as garnishee, which writ was returned as levied and garnishee summoned, but with no return of service or non-service on the defendant, Hankins.

Declaration was filed in assumpsit, containing the money counts.

At the April term, 1854, the cause was continued at the instance of the plaintiff; and at the October term, A. D. 1854, one William J. Henry interpleaded under the statute, and filed a bond conditioned for the conveyance of the lands attached, by Hankins to him, and produced notes referred to in such bond, showing the payment of the purchase money therefor.

Whereupon, said interpleader being unanswered, judgment was rendered, in favor of Vanmetre and against Hankins, (purporting to be on notice published,) by default, for $141.13¾ damages assessed by a jury.

Afterwards, at the October term, A. D. 1856, a judgment was rendered against Williams, the plaintiff in error, for $150, without the filing of interrogatories or answers thereto. Said Williams, garnishee as aforesaid, and plaintiff in error, brings this cause here to reverse said last mentioned judgment.

C. H. CONSTABLE, for Plaintiff in Error.

O. B. FICKLIN, for Defendant in Error.

CATON, C. J. This record seems to be beset with errors from beginning to end, a bare statement of which will be sufficient.

In the first place, it does not appear that the seal of the court was attached to the writ, for which reason it was void.

Again, one Henry interpleaded, showing that the property attached was his, and that it did not belong to the defendant in

attachment. This interpleader remains unanswered, and hence must be taken to be true.

And, finally, a judgment was rendered against Williams, the garnishee, without the filing of any interrogatories for him to answer, or the rendering of any conditional judgment against, as for a default, and the issuing of a *scire facias* against him. These are rendered indispensable prerequisites by the statute, before any final valid judgment can be rendered against the garnishee. Cook's Statutes, 231, 232, §§ 16–18.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*