Elliott, J.
— On the 10th day of September, 1879, the clerk of Montgomery county issued against the appellees a summons, perfect in form and substance, except that it lacked the seal of the court from which it issued. There was no appearance by the appellees to the action in which the summons issued, and judgment was entered against them upon default. On the 18th day of November, 1879, the appellant, by her prosecuting attorney, moved, upon proper notice, for an order directing the clerk to attach the seal now for then. The motion is -supported by the affidavit of the clerk showing the issuing of the writ, and by that of the deputy sheriff showing due service. Answers were filed by the appellees to the motion or complaint of the appellant, but these were struck out on motion of appellant. Finally, an order was *360 made striking appellant’s original motion from the docket, and this terminated the proceedings in the court below.
The first question, and really the controlling one, presented by this appeal, is this: Has a circuit court the power to make an order directing the clerk to affix the seal of the court., now for then, to a summons issued previous to, and returnable at, a former term, after judgment has been entered and after such term has finally closed ?
- It is undoubtedly true, as appellees insist, that at common law a writ issuing from a court must, in order to be entitled to be considered as regular and authentic, be attested by the seal of the court from which it .issued. Williams v. Vanmetre, 19 Ill. 293; The State v. Flemming, 66 Me. 142; Wheaton v. Thompson, 20 Minn. 196; Reeder v. Murray, 3 Ark. 450. The case of The Insurance Co. v. Hallock, 6 Wal. 556, does decide that an order of sale issued by a court of this State was void because not attested by the seal bf the court. It has also been held by this court that, where there is no statute to the contrary, a writ or record must be attested by the seal of the court from which it comes. Jones v. Frost, 42 Ind. 543 ; Hinton v. Brown, 1 Blackf. 429 ; Sanford v. Sinton, 34 Ind. 539. The older cases did hold that a. writ lacking the seal of the court was absolutely void, but there is much conflict upon this point among the modern cases, many of them holding that such a writ is not void, but merely voidable. Our court long since held that such a writ was not void.
■ Tt is true, as argued by appellees, that a summons, so clearly defective as to be insufficient to confer jurisdiction, can not, after judgment, be so amended as to give jurisdiction. If a summons without a seal be conceded to be void, then there can be no amendment, for it is axiomatic that a void thing can not be amended.
.- The liberal provisions of our statute, respecting the summons, would take such writs from under the old common- *361 law rule, even if it were conceded that it is the rule which must be adopted respecting other writs. The provisions of the code upon this subject are contained in article four, and the provision which directly bears upon this point is found In section 37, and is as follows : “No summons, or the service, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court.” We think it very clear that the' omission to affix the seal does not prevent the writ from imparting to the parties against whom it is issued, and that very fully and distinctly, information that an action is instituted against them. The seal would afford no information; its office is merely to attest the authenticity of the writ. The absence of the seal does not take from the substance of the writ anything essential to the information which our code provides that it shall give the ¡parties against Avhom it issues. There is certainly sufficient substance about a summons, which is defective only in the single particular that a seal is lacking, to impart full information that an action has been Instituted against the parties therein designated as defendants. A summons Avhich is sufficient in substance to do this, Is valid under our statute. This was so held in Boyd v. Fitch, 71 Ind. 306, and we are well satisfied that the ruling was entirely correct. We hold that, under our code, a summons is not void because not attested by the seal of the court, and that the court has the right to order the clerk to affix the seal now for then. Miller v. Royce, 60 Ind. 189 ; Newhouse v. Martin, 68 Ind. 224.
The appellees, by their assignment of cross errors and by their brief, ask us to consider and reverse the ruling of the »court striking out their answer and cross complaint. The pleading of appellees alleges that the defendants were called and defaulted on the 25th day of September, 1879 ; that “no valid summons” was served on the appellees ; that judgment *362 was l-endered against them ; that, when notice of the motion was served, they were preparing to have such default and judgment set aside. The only relief sought by the appellant was an order for the mine pro tunc amendment of a writ,, and upon such a motion the right to have a default and judgment set aside could not be litigated. But, if it could have been, the appellees’ pleading was bad, because it contradicted the sheriff’s return to the writ in the action in which judgment was entered, and this could not, certaizily izi such a. proceeding as the present, be rightfully done. Splahn v. Gillespie, 48 Ind. 397.
It is true, that the pleading avers that “no summons was ever issued by the clerk of the court under the seal of the courtbut, as this is precisely what the appellant’s motion admits, there was zio issue presented. In other parts of the pleading it is alleged that “zio valid summozis was issued or served.” This is azi izisufficient allegation, because it is a mere ziegative pregnant. The negation implies the sendeeof a writ invalid only because it lacked a seal. Pomeroy Remedies, sec. 618.
The couz’t erred in striking appellant’s motion from the docket, but did not err in striking out the appellees’ answers.
Judgmexit x’eversed, at costs of the appellees.