Carter v. Lockwood.

15 73
62 151

# OLIVER S. CARTER
## v.
# HENRY B. LOCKWOOD.

1. PRACTICE.—Where the original answer of a garnishee was held insufficient, and his additional answer was stricken out for non-compliance with the terms upon which leave to file it was granted, the proper practice was to render final judgment against him by default for want of an answer, for the amount of the judgment against the principal debtor, and costs.

2. JURISDICTION.—During the discussion of a motion to strike out the additional answer of a garnishee, it was admitted by plaintiff's counsel that at that time the garnishee was a resident of New Jersey, doing business in New York, and thereupon counsel for the garnishee moved to dismiss as to the garnishee, for want of jurisdiction. *Held,* that such motion was properly overruled.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed May 20, 1884.

Messrs. HORTON, HOYNE & SAUNDERS, for appellant; as to jurisdiction, cited Roche v. Insurance Asso., 2 Bradwell, 363; Drake on Attachment, § 474.

The court had no authority to enter final judgment: R. S. 1883, Ch. 62, §§ 7, 8; C. & St. L. Ry. Co. v. Hindman, 85 Ill. 521.

Messrs. FLOWER, REMY & GREGORY, for appellee; that it was proper to render final judgment, cited I. C. R. R. Co. v. Cobb, 48 Ill. 402; Scamaham v. Scott, 42 Ia. 529.

As to jurisdiction: Honore v. Home Nat. Bk., 80 Ill. 489; H. & St. Jo. Ry. Co. v. Crane, 102 Ill. 249.

BAILEY, J. In this case, John W. Doane & Co., brought suit in assumpsit against Henry B. Lockwood, to recover an indebtedness of $4,101.42, and afterward sued out a writ of attachment in aid of their suit, and caused Oliver S. Carter, Henry E. Hawley and George H. Macy, the members of the firm of Carter, Hawley & Co., to be named therein as garnishees. The writ was served on Carter only, and he in due time filed his answer in writing under oath to the inter-rogatories exhibited by the plaintiffs. Said answer being excepted and demurred to by the plaintiffs as insufficient, the exceptions and demurrer were sustained, and an order entered giving said Carter leave to file a further answer within fifteen days. No further answer having been filed within the time limited, and the case coming on for trial, the garnishee moved for leave to answer, and leave was granted him to answer within twenty days, "upon condition that he appear in person at the trial of the cause and submit to oral examination as such garnishee." In pursuance of the leave thus granted, the gar-nishee filed his answer, and the plaintiffs took issue upon said answer by replication.

The issues thus formed afterward coming on for trial, the garnishee failed to appear and submit to an oral examination as garnishee, and thereupon, on motion of the plaintiffs, his answer filed by leave of the court was stricken out, and his default entered for want of an answer, and judgment rendered

against him for the full amount of the plaintiff's judgment against Lockwood, and costs. From that judgment the garnishee has appealed to this court.

The original answer of the garnishee having been held insufficient, and his additional answer being stricken out for non-compliance with the terms upon which leave to file it was granted, the garnishee was in the same situation as though he had not answered at all. He had appeared and was in court, and the case therefore did not require the entry of a conditional judgment against him, with a *scire facias* to him, to show cause why the judgment should not be made absolute. The proper practice was to render final judgment against him by default for want of an answer for the amount of the judgment against the principal debtor, and costs, and that the court did.

The question is raised whether the court was warranted in imposing the terms it did on granting leave to file an amended answer. At that time the garnishee was clearly in default. His original answer was adjudged insufficient on the 21st day of February, 1883, and he was then given fifteen days to file a further answer. On the 17th day of the October following, and when the cause was reached for trial, no additional answer had been filed. It was then clearly within the discretion of the court to grant or refuse leave to answer, and on granting leave, to impose such reasonable terms as it saw proper. The terms imposed were, that the garnishee should appear at the trial and submit to an oral examination as garnishee. We see nothing unreasonable in these terms. They amounted practically to no more than a requirement that he should be present at the trial as a witness, to be there examined and cross-examined touching the matters disclosed by his answer. But even if they were unreasonable, it is now too late to raise that question. No exception was preserved to the terms imposed, but instead of excepting, the garnishee, within the time limited, filed his answer. He thus waived objection to and accepted the terms imposed, and can not now be heard to say that they were improper or unreasonable.

If the garnishee has been in any way injured by the judgment against him, it is the result of his own negligence. He had ample time to prepare and file a sufficient answer, and if he had any grounds entitling him to his discharge, he should have presented them in apt time. Having failed to do so, he must abide by the consequences.

It appears from the bill of exceptions that, after the decision of the plaintiffs' motion, to strike out the additional answer, or during the discussion of that motion, it was admitted by the counsel for the plaintiffs that the garnishee was a resident of the State of New Jersey, doing business in the city of New York, and thereupon counsel for the garnishee moved the court to dismiss the suit as to the garnishee, for want of jurisdiction, which motion was overruled. The propriety of this ruling is obvious on various grounds. The admission was merely that at the time the admission was made, the garnishee was a non-resident of this State. That he was a non-resident then, which was on the 21st day of January, 1884, was no evidence of his being a non-resident on the 25th day of January, 1882, the date of the service of the writ on him. Furthermore, if the garnishee desired to challenge the jurisdiction of the court as to him, he should have done so in apt time by a proper plea. But we are far from being convinced that the mere fact of non-residence, even if it had been properly presented and proved, would of itself have ousted the court of jurisdiction.

We found no errors in the record, and the judgment must therefore be affirmed.

Judgment affirmed.