## Wabash Railroad Company v. L. F. Hornbuckle, for use, etc.

### Gen. No. 12,995.

1. NOTICE—*of what party in court bound to take.* A garnishee being in court by answer is bound to take notice at its peril of all proceedings in the cause subsequent to appearance.

2. CERTIORARI—*when does not lie to review judgment of justice.* Certiorari does not lie by a garnishee to review a judgment

rendered by a justice where after it has filed an answer setting up
that it has no property belonging to the debtor, it took no further
notice of the proceedings in the cause.

*Certiorari.* Appeal from the Circuit Court of Cook county; the
Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court
at the March term, 1906. Affirmed. Opinion filed February 7, 1907.

Statement by the Court. This is an appeal from
the judgment of the Circuit Court quashing a writ
of *certiorari* issued on appellant's petition.

The petition avers, in substance, as follows: Octo-
ber 19, 1905, petitioner was summoned to appear be-
fore a justice of the peace, to answer as garnishee,
in a cause in which I. A. Eacutt was plaintiff and L.
F. Hornbuckle was defendant. November 9, 1905, it
mailed to the justice its answer as garnishee in due
form, showing that it had in its possession $49, wages
due and belonging to said Hornbuckle; that he was
the head of a family and resided with the same, and
said $49 was for wages, at the rate of $15 per week,
and was exempt from garnishment, and that no de-
mand in writing, before suit brought, had been made
on, or left with, said Hornbuckle and the petitioner,
and no notice had been filed with the justice, with
return thereon, nor any such demand made, proved or
filed, as required by the statute, which answer was
indorsed by said justice as having been received No-
vember 10, 1905. Prior to said date, to wit, Novem-
ber 8th, the justice, as petitioner has been informed,
rendered judgment by default, after publication,
against L. F. Hornbuckle, in favor of I. A. Eacutt for
$50 and costs, and rendered a conditional judgment
against petitioner for $58.65, and issued a writ of
*scire facias* against petitioner returnable November
15, 1905, for petitioner to show cause why said judg-
ment should not be made final, and, November 15,
1905, the justice rendered final judgment against peti-
tioner as garnishee, for $49. Petitioner had no notice
or knowledge of any issue on said answer, and no

intimation but that said answer had been taken as true, and petitioner relieved from further liability as garnishee, and had no knowledge or information of said conditional judgment, and, having received no notice of a *scire facias,* supposed that the matter of said garnishment and answer had not finally been disposed of. Petitioner learned of the issuing of said *scire facias,* and of the said judgment of November 15, 1905, for the first time, to wit, on December 6, 1905, when its attention was directed to it by the plaintiff. The time for appeal from said judgment expired December 5, 1905, the day before it learned of the same. While said proceedings were being had before said justice, and before petitioner became aware of said judgment, said Hornbuckle made and delivered to it his affidavit, claiming and demanding said wages as exempt, the same being less than $15 per week, and he being shown to be the head of a family and residing with his family at Springfield, Illinois, petitioner paid to him the said $49, and it now has no money belonging to said Hornbuckle, and he is no longer in its employ. The petition concludes with a prayer for the writ of *certiorari.* A writ was issued by order of the court, but, December 16, 1905, the writ was quashed by the court, on appellee's motion.

- LEE & HAY, for appellant; C. N. TRAVOUS, of counsel.

RUDOLPH FRANKENSTEIN, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The only question necessary to be decided in this case is, whether the appellant, the Wabash Railroad Company, was or was not guilty of negligence in not appealing within the time fixed by the statute. It appears affirmatively from appellant's petition that it was served with process as garnishee, and filed its answer containing averments as shown in the statement pre-

ceding this opinion. It seeks to excuse itself from taking further notice of the cause, after filing its answer, because of the fact that the *scire facias* was not served on it, and because it supposed that its answer, which was not on oath, would be taken as true, and that it would be discharged as garnishee.

The object of *scire facias* against a garnishee, is to bring the garnishee into court, that he or it, as the case may be, may make discovery and be examined as to the personal estate, moneys, etc., of the judgment debtor in his or its possession. If, however, the garnishee without service of the *scire facias* answers, he is in court, and the object of the *scire facias* is satisfied.

"The appearance is as good as a personal service." Palmer v. Logan, 3 Scam. 56.

In Abbott v. Semple, 25 Ill. 91, the court say: "We have often said, service of process is unnecessary if the party appears, appearance being the object of process. When that is effected without service, as by a regular entry of appearance, in person or by attorney, the law is satisfied."

Appellant, being in court by its answer, was bound to take notice, at its peril, of all proceedings in the cause subsequent to its appearance. That it supposed its answer would be taken as true, and that no issue would be taken on it, is a rather flimsy excuse. Section 8 of the garnishment act provides: "If such garnishee shall appear and answer, the same proceedings may be had as in other cases," Hurd's Rev. Stat. 1905, p. 1011; and, by section 3 of article 9 of the act in regard to justices and constables, it is provided that the garnishee may be examined orally, and although the appellant corporation could not thus be examined, its officers might be.

The plaintiff in the principal judgment had the right to dispute the truth of appellant's answer, and appellant must be presumed to have known this, and it

does not appear from the petition that the truth of the answer was not disputed.

It is unnecessary to inquire as to the validity of the judgment of the justice, because even though invalid, the remedy is only by appeal or *certiorari,* and in either case there would have to be a trial *de novo.* The invalidity alone of a justice's judgment is not ground for the issuing of a writ of *certiorari.*

Had appellant been diligent in looking after its interest in the justice's court, it would have known of the judgment in ample time to appeal, and that it did not know, as it avers, was owing to its own neglect.

The judgment will be affirmed.

*Affirmed.*