**Motor Car Securities Corporation, Appellant, v. H. C. Shockley. General Motor Acceptance Corporation (Garnishee), Appellee.**

### Gen. No. 28,666.

1. JUDGMENTS—*when judgment against garnishee may be set aside after thirty days.* If a judgment made against a garnishee is final the court could not set it aside after a period of thirty days upon a petition which did not show diligence, but where the judgment, properly considered, was a conditional not a final judgment it could be vacated after 30 days.

2. GARNISHMENT—*interrogatories as prerequisite to answer by garnishee.* Under section 5 of the Garnishment Act, Cahill's Ill. St. ch. 62, ¶ 5, until plaintiff files interrogatories concerning the matter of the garnishee's indebtedness to the judgment debtor there is nothing for the garnishee to answer.

3. JUDGMENTS—*propriety of setting aside conditional judgment against garnishee after thirty days.* In a garnishee action where the court entered a conditional judgment against the garnishee but erroneously designated it a final judgment, the court was warranted in setting aside such conditional judgment after a lapse of thirty days.

ADDITIONAL OPINION ON PETITION FOR REHEARING.

4. GARNISHMENT—*when final judgment against garnishee proper without scire facias.* Where a garnishee is served, appears and answers there is no necessity for having a writ of *scire facias*

issued and served on the garnishee as mentioned in Cahill's Ill. St. ch. 62, ¶ 8, but in such cases it is proper for the court to enter final judgment against the garnishee.

5. APPEARANCES—*informal letter by garnishee as appearance sufficient to support judgment.* The mere writing by a garnishee of a letter stating in effect that it was not indebted to the judgment debtor which letter was placed in the files by the clerk of the court was not the entry of an appearance and a final judgment could not be entered against the garnishee without the issuance and service upon it of a writ of *scire facias* as required by section 8 of the Garnishment Act, Cahill's Ill. St. ch. 62, ¶ 8.

6. APPEARANCES—*when appearance by garnishee not shown by evidence.* Where the petition filed by a garnishee in support of its motion to vacate a judgment against it discloses that on the date the summons was returnable a representative of the garnishee appeared in Municipal Court; that he was sworn and stated that the garnishee was not indebted to the judgment debtor and had no property in his possession or control belonging to such debtor, the fact that the presiding judge told such representative to file an answer in writing shows that the matter must have come before the court informally and that the trial judge did not consider there had been an appearance as required by law.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. ALFAR M. EBERHARDT, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Affirmed. Opinion filed June 25, 1924. Rehearing denied July 14, 1924.

ROTHBART & MYER, for appellant; EDWARD I. ROTH-BART, of counsel.

MARSHALL E. GALLION, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

On December 16, 1922, a judgment by confession was entered in favor of the Motor Car Securities Corporation and against H. C. Shockley in the sum of $711.08. Two days afterwards an execution was issued on which the bailiff's return showed that he had been unable to find the defendant or any property on which to levy the execution, and it was returned December

21, 1922. On the same day an affidavit for garnishee summons was filed and such summons was issued commanding the sheriff to summon the General Motors Acceptance Corporation as garnishee. This summons was served by the bailiff on the garnishee December 22, 1922, and on December 29th an order was entered extending the time within which the garnishee was required to answer, five days from that date. Within that time, the garnishee wrote a letter to the Clerk of the Municipal Court, stating that it did not owe the defendant Shockley any money at the time it was served as garnishee, and this appears to have been filed by the clerk in the cause on January 4th. On the next day an order was entered striking the "answer" of the garnishee from the files and a rule entered upon it to file an amended answer within five days.

After expiration of the five days, no amended answer having been filed, on January 12, 1923, an order was entered as follows: "This cause coming on for further proceedings herein, it is, on motion of the plaintiff, considered by the court that final judgment be entered against the garnishee, General Motor Acceptance Corporation and that the defendant have and recover of and from the garnishee the sum of $711.08." The order further recited that the judgment was entered for failure of the garnishee to file an amended answer. Afterwards on February 23rd, the garnishee moved the court to vacate the judgment of January 12th. The motion was continued until the next day when the court sustained the motion vacating the judgment. The garnishee then answered that it had no funds and it was discharged. From this order the plaintiff prosecutes this appeal.

The bill of exceptions which was filed by leave of the court discloses that on February 23rd, 1923, the garnishee moved for leave to file a petition to vacate the judgment of January 12, 1923. The petition set up that when the garnishee was served with summons, which was returnable December 29, 1922, its credit

manager, G. H. Swift, appeared before the Municipal Court where the cause was pending in room 812 City Hall and stated to the court that the garnishee was not indebted to Shockley and that the judgment debtor had no property in its control or possession belonging to him at any time; that thereupon the trial judge told Swift to file an answer in writing and an order was entered extending the time within which the garnishee might file such answer five days from that date. The petition further set up the writing and the mailing of the letter to the clerk of the court, the entry of the several orders above mentioned on January 5th and 12th and further that the garnishee was not indebted to Shockley at the time it was served with summons or at any time thereafter, but on the contrary that Shockley was indebted to the garnishee at the time in a sum exceeding $900.00 and that it had no notice of the order of January 5th, striking its answer from the files. This petition was verified.

If the judgment entered on January 12th against the garnishee were a final judgment as it purported to be, we think the court would not have been warranted in setting it aside after a period of thirty days had expired upon the showing made in the petition, because the petition certainly did not show diligence. But we think the court was warranted in vacating the judgment because it was, properly considered, but a conditional judgment and not a final judgment, and might, therefore, be vacated after the elapse of thirty days. Section 5 of the Garnishment Act [Cahill's Ill. St. ch. 62, ¶ 5], provides that where a garnishee is summoned, plaintiff shall file interrogatories concerning the matter of the garnishee's indebtedness to the judgment debtor and until this is done, there is nothing for the garnishee to answer. *Mich. Cent. R. Co. v. Keohane*, 31 Ill. 144; sec. 8 of the same chapter [Cahill's Ill. St. ch. 62, ¶ 8], provides that when a person shall have been summoned as a garnishee and fails to appear or make discovery as required, a conditional

judgment may be entered against such garnishee for the amount of plaintiff's demand or judgment against the original defendant, and thereupon a *scire facias* shall issue against such garnishee returnable as in that section provided. It is there further provided that if the garnishee being served with such *scire facias,* fails to appear and make discovery, the court shall affirm the conditional judgment.

In the instant case the record discloses, according to plaintiff's contention, that the defendant was in default for failure to answer. Even if we assume this to be true (although no interrogatories were filed) the most that the court would be warranted in doing under the law would be to enter a conditional judgment against the garnishee. This the court did, but erroneously designated it as a "final judgment," but it was in substance and fact a conditional judgment such as the statute will alone allow.

In these circumstances, the court was warranted in setting aside such conditional judgment after the elapse of thirty days. It is only a final judgment that the court may not vacate after a period of thirty days.

Since the court was warranted in vacating the conditional judgment, the order appealed from is affirmed.

*Affirmed.*

THOMSON, J. and TAYLOR, J. concur.


ADDITIONAL OPINION ON PETITION FOR REHEARING.


MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff has filed petition for a rehearing and points out that, under a rule of the Municipal Court in Garnishment cases of the fourth class, it is not necessary for the plaintiff to file interrogatories at the time of the issuance of the summons and that this rule was certified to by the trial judge and made a part of the bill of exceptions.

We find that the rule as contended for is in the rec-

ord, but there was no reference made to this rule in plaintiff's brief and the first time counsel for plaintiff mentioned it, was in its petition for a rehearing. But even if we deem that plaintiff has brought it to our attention in due time in its petition for a rehearing and giving the rule due consideration, it would not change our decision in affirming the judgment of the lower court, because we are of the opinion that the judgment which the trial court vacated was but a conditional and not a final judgment. And while it is true as pointed out in the petition for a rehearing, that where a garnishee is served, appears and answers, there is no necessity of having a writ of *scire facias* issued and served on the garnishee as mentioned in sec. 8 of chap. 62 [Cahill's Ill. St. ch. 62, ¶ 8], but that in such cases it is proper for the court to enter final judgment against the garnishee. *Carter v. Lockwood,* 15 Ill. App. 73; *Wabash R. Co. v. Hornbuckle,* 131 Ill. App. 357. We think it cannot be said that the record discloses that the garnishee entered its appearance as the statute contemplates.

The common-law record as made up discloses that the summons was served on the garnishee December 22, 1922, and it was required to answer on or before 9:30 o'clock on the morning of December 29, 1922. On the latter date an order was entered "that the time of the garnishee * * * to answer be and is hereby extended five (5) days." On January 4, 1923 there appears in the record a letter written by the garnishee to the Clerk of the Municipal Court, stating in effect that it was not indebted to the judgment debtor. This letter was apparently placed in the files by the clerk of the court. On the day following, January 5th, on motion of plaintiff, it was ordered "that the answer of the garnishee * * * be and it is hereby stricken from the files." The order further provided that the garnishee be ruled to file an amended answer within five days. Nothing having been done so far as the

record discloses, the court on January 12th, on motion of the plaintiff, entered final judgment against the garnishee "for failure to file amended answer." Nothing further appears until February 23rd when the garnishee moved to vacate the judgment entered against it and for leave to file its petition in support of the motion. This motion was allowed.

We think the mere writing of the letter to the Clerk of the Municipal Court, which he placed in the files, was not the entry of appearance as required by our practice, and this being true, a final judgment could not be entered against the garnishee without the issuance and service upon it of a writ of *scire facias* as provided by section 8 of our Garnishment Act [Cahill's Ill. St. ch. 62, ¶ 8]. The petition filed February 23, 1923, by the garnishee in support of its motion to vacate the judgment discloses that on the 29th of December, 1922, the date on which the summons was returnable, a representative of the garnishee appeared in Branch No. 1 of the Municipal Court of Chicago; that he was sworn by the Clerk and "stated to said court that your petitioner was not indebted to H. C. Shockley, the judgment debtor in any sum whatsoever and had no property in his possession or control belonging to the said Shockley at any time." It further, there, appears that the presiding judge told the garnishee representative to file an answer in writing. From this it clearly appears that the matter must have come on before the court informally and that the trial judge did not consider the appearance of the garnishee's representative and his statement that it owed nothing to the judgment debtor, an appearance as required by law.

The petition for a rehearing is denied.

*Rehearing denied.*

TAYLOR and THOMSON, JJ., concur.