Chicago Catholic Workers' Credit Union, Appellant, v. Florence Rosenberg, Jay I. Rosenberg, Sam Kovitz, and Carroll Rosenberg, Defendants.

Powell Products, Inc., Garnishee-Appellee.

Gen. No. 45,564.

BURKE, P. J., dissenting.

Opinion filed February 11, 1952. Rehearing denied February 26, 1952. Released for publication March 25, 1952.

EDMUND M. SINNOTT, and JOHN P. LOUGHNANE, both of Chicago, for appellant.

HAROLD MAROVITZ, of Chicago, for appellee; MYER H. GLADSTONE, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an order vacating its judgment against the garnishee and granting leave to it to answer and to plaintiff to contest the answer.

154

On October 9, 1948 plaintiff obtained a judgment by confession against defendant Jay I. Rosenberg and others for $1,468.50. November 6, 1950, after return "No property found, no part satisfied" of execution served upon Rosenberg a demand in garnishment was served upon him and his employer. On November 8, 1950 an affidavit for garnishment and interrogatories to the employer as garnishee were filed and a summons in garnishment issued against the garnishee herein. This summons was served November 10, 1950. On November 24, 1950, the return day, the appearance of the garnishee was entered by Rosenberg as its attorney and time for the garnishee's answer was extended 10 days. On December 11, 1950 a further extension of 10 days was granted. On December 27, 1950, after notice to the garnishee, the default of the garnishee for want of an answer was entered, with judgment against it for the full amount of plaintiff's judgment against Rosenberg, and costs. April 13, 1951—three and a half months after the entry of judgment—the garnishee filed its motion to vacate the judgment against it on the ground that the judgment was void, contrary to the provisions of section 8, chapter 62 of the Illinois Revised Statutes [1951; Jones Ill. Stats. Ann. 109.291] which required the entry of a conditional judgment instead of a final judgment. On April 17, 1951 the judgment was vacated, leave given to the garnishee to file its answer and to plaintiff to contest the answer. From this order plaintiff appeals.

It contends that a final judgment was proper and the court was without jurisdiction to vacate it after 30 days. The garnishee takes the position that under the statute the court had jurisdiction to enter a conditional judgment only; that the court could vacate it at any time, and that the order entered is not a final order and therefore not appealable. Section 8 of chapter 62 of the Illinois Revised Statutes (1951) has remained un-

changed since 1845 except for certain changes required by amendments to the Practice Act relating to the service of summons, etc. Insofar as it is material here, it reads as follows:

"When any person shall have been summoned as a garnishee . . . and shall fail to appear or make discovery, as by this act required, the court . . . may enter a conditional judgment against such garnishee for the amount of the plaintiff's demand, or judgment against the original defendant, and thereupon a scire facias shall issue against such garnishee, . . . commanding such garnishee to show cause why such judgment should not be made final. If such garnishee, being served with process or notified as required by law, shall fail to appear and make discovery in the manner aforesaid, the court . . . shall confirm such judgment, to the amount of the judgment against the original defendant, and award execution for the same and costs. If such garnishee shall appear and answer, the same proceedings may be had as in other cases."

This statute has received different constructions by the Appellate Court of this district. Plaintiff relies on the first case, *Carter v. Lockwood,* 15 Ill. App. 73 (1884). In that case Carter, the garnishee, filed a sworn answer to the interrogatories exhibited by plaintiff. This answer was stricken as insufficient on exceptions and demurrer. The garnishee was given 15 days within which to file a further answer. No answer was filed. The case coming on for trial, leave was given the garnishee to answer within 20 days, "upon condition that he appear in person at the trial of the cause and submit to oral examination as such garnishee." An answer was filed but the garnishee failed to appear at the trial for oral examination. His answer was then stricken, his default entered for want of an answer and judgment rendered against him for the full amount of plaintiff's judgment against the principal

defendant. The court held that the garnishee was in the same situation as though he had not answered at all, and said:

"He had appeared and was in court, and the case therefore did not require the entry of a conditional judgment against him, with a *scire facias* to him, to show cause why the judgment should not be made absolute. The proper practice was to render final judgment against him by default for want of an answer for the amount of the judgment against the principal debtor, and costs, and that the court did."

In *Motor Car Securities Corp. v. Shockley*, 233 Ill. App. 346 (1924), judgment by confession was entered in the municipal court of Chicago against Shockley for $711.08 and execution returned, no property found. Garnishment summons was then issued against General Motor Acceptance Corporation and served December 22, 1922. The time within which the garnishee was required to answer was extended five days from December 29th. The garnishee wrote a letter to the clerk of the court stating that it did not owe Shockley any money at the time it was served as garnishee. This letter was filed January 4th. The next day this "answer" was stricken and a rule entered upon the garnishee to file an amended answer within five days. No answer having been filed, a final judgment was entered January 12, 1923 against the garnishee in the sum of $711.08 for its failure to file an amended answer. On February 23, 1923 the garnishee moved to vacate the judgment. The judgment was vacated, the garnishee answered that it had no funds, and was discharged. Plaintiff appealed. The order vacating the judgment was affirmed. After stating in substance the provisions of section 8 of the Garnishment Act, heretofore quoted, the court said:

"In the instant case the record discloses, according to plaintiff's contention, that the defendant was in

default for failure to answer. Even if we assume this to be true (although no interrogatories were filed) the most that the court would be warranted in doing under the law would be to enter a conditional judgment against the garnishee. This the court did, but erroneously designated it as a 'final judgment,' but it was in substance and fact a conditional judgment such as the statute will alone allow.''

This statement of the law was neither withdrawn nor modified by the additional opinion on petition for rehearing in which the court adhered to its original holding that the judgment which the trial court vacated was a conditional and not a final judgment, and said:

''And while it is true as pointed out in the petition for a rehearing, that where a garnishee is served, appears and answers, there is no necessity of having a writ of *scire facias* issued and served on the garnishee as mentioned in sec. 8 of chap. 62 (Cahill's Ill. St. ch. 62, Par. 8), but that in such cases it is proper for the court to enter final judgment against the garnishee. *Carter v. Lockwood,* 15 Ill. App. 73; *Wabash R. Co. v. Hornbuckle,* 131 Ill. App. 357.''

The court then held that in addition to want of an answer, for which the trial court entered judgment, there was a failure to appear. In *Williams v. Vanmetre,* 19 Ill. 293, judgment was entered against the garnishee in an attachment–in–aid proceeding, without the filing of interrogatories or answers thereto. The court said:

''And, finally, a judgment was rendered against Williams, the garnishee, without the filing of any interrogatories for him to answer, or the rendering of any conditional judgment against, as for a default, and the issuing of a *scire facias* against him. These are rendered indispensable prerequisites by the statute,

158

before any final valid judgment can be rendered against the garnishee.''

In *Cariker v. Anderson*, 27 Ill. 358, the court said:

"Section sixteen provides, where any garnishee shall be summoned . . . and shall fail to appear and discover on oath or affirmation as by this chapter is directed, it shall be lawful for the court, after solemnly calling the garnishee, and such court is authorized and required to enter a conditional judgment against such garnishee, and thereupon a *scire facias* shall issue against such garnishee, 'to show cause, . . . why final judgment should not be entered against him, upon such *scire facias* being duly executed and returned.'

"We look in vain to the record for this conditional judgment, and for the writ of *scire facias*. No such judgment was rendered, nor was any *scire facias* issued, the plaintiff contenting himself with an order for a *scire facias*. This error is well assigned.''

 The practice in attachment and garnishment is regulated by statute. Jurisdiction of the person of the garnishee and of any assets of the judgment debtor in his hands, is obtained by the service of summons. His appearance adds nothing to the jurisdiction of the court, except in the rare instances where there has been no service of summons. Subsequent proceedings are directed to ascertaining the property or credits, if any, in the possession or control of the garnishee and subjecting them to plaintiff's demands. Section 8 of the Garnishment Act regulates the practice in respect to defaults of the garnishee. As in other actions, defaults may be entered in attachment and garnishment suits for failure of the garnishee to appear, as well as for failure to answer after appearance —with this difference: only conditional judgments may be entered on default. It is only when the garnishee appears and answers that "the same proceedings may

be had as in other cases." This is the plain import of section 8. It authorizes and requires a conditional judgment when any person summoned as a garnishee shall fail to appear or fail to make discovery—that is, to answer. Failure to appear and failure to make discovery are separate contingencies authorizing default. As said in 50 Am. Jur., Statutes, sec. 281, "If the disjunctive conjunction 'or' is used, the various members of the sentence are to be taken separately." In *Carter v. Lockwood, supra,* the court held that "the garnishee was in the same situation as though he had not answered at all," and that the proper practice was to enter a final judgment by default for want of an answer. That is the procedure where the Practice Act controls. Attachment and Garnishment are special statutory proceedings. Section 8 of the Garnishment Act regulates the practice on default when the garnishee fails to answer. It is not until he appears and answers that the "same proceedings may be had as in other cases." The court failed to give effect to these provisions. The holding in *Motor Car Securities Corp. v. Shockley, supra,* that a conditional judgment alone can be entered for default for want of an answer by the garnishee, is, in our opinion, the proper construction of the statute.

██ The judgment which the court vacated in the instant case was only a conditional judgment, which the court in its discretion could vacate at any time, permit the garnishee to answer, and the plaintiff to contest such answer. The order before us did not finally determine the rights of the parties. These rights remain to be determined on further hearings on the answer of the garnishee and its contest, if any, by plaintiff. The order, therefore, is not a final or appealable order. *City of Park Ridge v. Murphy,* 258 Ill. 365.

The appeal is dismissed.

*Appeal dismissed.*

FRIEND, J., concurs.

BURKE, P. J., dissents.

MR. PRESIDING JUSTICE BURKE DISSENTING:

When a garnishee appears or makes discovery the court does not enter a conditional judgment. In the instant case the garnishee appeared and the court had complete jurisdiction over it. Having appeared, the provisions of section 8 of the Garnishment Act were not applicable to the garnishee. The trial judge was right when he entered a final judgment against the garnishee in default of an answer. See *Toledo, Wabash & Western R. R. Co. v. Reynolds for Use of Marx,* 72 Ill. 487; *Carter v. Lockwood,* 15 Ill. App. 73, 75; *Motor Car Securities Corp. v. Shockley,* 233 Ill. App. 346, 352; and section 337 of Stelk on Attachment and Garnishment in Illinois. In my opinion the order vacating the judgment is a final and appealable order. The garnishee attempted to vacate a final judgment after the expiration of the 30-day period within which the court had plenary jurisdiction to do so. Thereafter it could only do so under the provisions of the Municipal Court Act, by a motion in the nature of a writ of error *coram nobis* or by a petition similar to a petition filed in a complaint in equity. If the garnishee did not proceed under the provisions of section 21, then it was proceeding without any authority. The court, in vacating the judgment, entered a final order from which plaintiff had a right to appeal.