People of the State of Illinois on the Relation of James John Hilger, Plaintiff-Appellee, v. Maude Myers, Director of Personnel, State of Illinois, et al., Defendants-Appellants.

Gen. No. 52,442.

First District.

September 22, 1969.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole, Bernard Genis, and John J. George, Assistant Attorneys General, of counsel), for appellants.

Richard F. McPartlin, of Chicago, for appellee.

MR. JUSTICE CRAVEN delivered the opinion of the court.

This is an appeal from a judgment ordering issuance of a writ of mandamus directing Maude Myers, Director of Personnel; John E. Cullerton, Director of Labor; Milton Radice, Chief of Fiscal and Office Administration, Bureau of Employment Security, Division of Unemployment Compensation, Department of Labor; Michael J. Howlett, Auditor; and Adlai Stevenson, III, Treasurer of the State of Illinois; and their respective successors in office to do all acts necessary and requisite to pay James John Hilger, an accountant in the Department of Labor of the State, salary from April 20, 1966, to December 1, 1966, at his salary rate of $675 per month, less withholding tax and pension deductions.

Disciplinary charges were filed against Hilger March 28, 1966. Hearings were had. On November 18, 1966, the Civil Service Commission rendered its decision suspending him for 45 days, from March 6, 1966, through April 19, 1966, but retaining him in his former position effective April 20, 1966. He returned to work December 1, 1966, from which date he had received his salary. However, his request for payment of his salary for the

period from the expiration of his suspension to the date of his return to duty, April 20, 1966, to December 1, 1966, was denied.

Hilger brought a suit for writ of mandamus to compel defendants to pay his salary for the period April 20 to December 1, 1966. After denying motions to dismiss the suit the court, on hearing defendants' motions to strike plaintiff's reply to defenses asserted in defendants' answer, struck the defenses and ordered issuance of the writ of mandamus compelling payment of plaintiff's salary for the period April 20 to December 1, 1966.

Appellants assert as grounds for reversal that mandamus is not the proper remedy and that there is a right of setoff of outside earnings which the suspended employee could or did earn so as to mitigate damages and of moneys paid for salary for a de facto employee hired in his absence. These substantially were the grounds of the defenses made in the trial court which the court held insufficient as a matter of law. Defendants also had made an offer of proof of earnings Hilger did earn, or could have earned, and salary paid by the Department to an additional employee to do Hilger's job during the period in question.

As the basis for the contention that mandamus will not lie, appellants assert that plaintiff did not show a clear legal right to the recovery claimed and that there was no duty existing on the part of the defendants to pay the claim. They also contend that the proper remedy was to file a claim against the State in the Court of Claims.

Plaintiff, in the trial court, claimed to be entitled to the back salary by virtue of a specific section (section 11) of the Personnel Code (Ill Rev Stats 1965, c 127, par 63b111). The relevant portion of that section states:

"If the Commission certifies a decision that an officer or employee is to be retained in his position and if it does not order a suspension for disciplinary

purposes, the officer or employee shall receive full compensation for any period during which he was suspended pending the investigation of the charges."

Since the Commission did order a suspension of Hilger for disciplinary purposes for 45 days, it is obvious that the above-quoted portion of section 63b111 of the statute would give no basis of salary recovery to him. It is wholly inapplicable to the facts of this case. However, this conclusion does not terminate the considerations here.

By the other provisions of section 63b111 of the statute, the Legislature has provided a means and the mechanics for a state officer or employee under the Personnel Code to be heard as to removal, discharge, demotion or suspension of more than 30 days. In the instant case, such a hearing was held and determination made. No judicial review was sought of this determination. Thus, by the determination of the Civil Service Commission, a clear legal right of plaintiff to his position effective April 20, 1966, was established. Having been so entitled, it necessarily follows that he was entitled to salary from that date, even though he may not have been on the job, because charges against him were being investigated and he was not permitted to return to work until December 1, 1966.

Mandamus is a proper remedy to enforce officials to perform their duty in paying salary to an employee lawfully entitled to the same. People ex rel. Sellers v. Brady, 262 Ill 578, 105 NE 1 (1914); People ex rel. Connery v. Burdett, 271 Ill 503, 111 NE 554 (1916); People ex rel. Mosby v. Stevenson, 272 Ill 215, 111 NE 595 (1916). In People ex rel. Bourne v. Johnson, 48 Ill App2d 307, 199 NE2d 68 (1st Dist 1964), the court held that mandamus would lie to compel payment of back salary even though the correct amount due had to be determined in the mandamus suit.

██ The granting of mandamus in the instant case does not violate the provision of section 26 of article IV of the Illinois Constitution that, "The state of Illinois shall never be made defendant in any court of law or equity," or the act creating the Court of Claims (Ill Rev Stats 1965, c 37, § 439.1, et seq.). As was pointed out in People ex rel. Freeman v. Department of Public Welfare, 368 Ill 505, 507, 14 NE2d 642, 643 (1938):

> ". . . where the action at law or suit in equity is maintained against a State officer or the director of a department on the ground that, while claiming to act for the State, he violates or invades personal and property rights under an assumption of authority which he does not have, such a suit is not against the State. (Citing cases.) . . . In particular, mandamus lies.to review the acts of administrative officers or boards where it appears they have acted arbitrarily or in abuse of discretion . . . . (Citing cases.) We are of the opinion that the present proceeding charging arbitrary action or abuse of administrative discretion resulting from an erroneous construction of a statute is not a suit against the State. . . ."

In the instant case, the suit was to compel the director of the state department and other similar officials to perform their duty to pay plaintiff and was not a suit against the State.

As to the issues of setoff, mitigation of damages and deduction of payments made to a de facto employee, we cannot agree with the determination of the trial court that these matters were not proper defenses. As was held in People ex rel. Krich v. Hurley, 19 Ill2d 548, 169 NE 2d 107 (1960), the question of a right of setoff of earnings from other employment during the period an employee was "improperly prevented from performing his

duties . . . was thoroughly considered and squarely answered in the affirmative in Kelly v. Chicago Park Dist., 409 Ill 91, 98 NE2d 738 (1951), and we find no reason for deviating from the principles enunciated therein." (At 551, 169 NE2d at 108.) Certainly, if such defenses can be raised by the State where a wrongfully discharged employee is subsequently reinstated by the court, such defenses would be available where the agency properly suspends an employee. There is nothing in the language of section 63b111 which abrogates the law of the decided cases recognizing the defenses of other earnings and payment to a de facto employee. As we have already determined, the language of this section as to full compensation applies only when the employee was not suspended for disciplinary purposes. It has no application to the instant case, and therefore could not abrogate these defenses.

The trial court was in error in striking the defenses of setoff, mitigation of damages and deductions of payments to a de facto employee.

Reversed and remanded with directions to reinstate the affirmative defenses and proceed to trial.

TRAPP, P. J. and SMITH, J., concur.