(No. 47570.— )

FIRST FINANCE COMPANY, Appellee, v. DONALD L. PELLUM.—(Department of Mental Health, Appellant.)

*Opinion filed September 26, 1975.*

SCHAEFER, J., and UNDERWOOD, C.J., dissenting.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellant.

Masor, Pitler, Wagman & Mandell, of Chicago (Harold L. Wagman, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff First Finance Company, judgment creditor of defendant Donald L. Pellum, instituted this wage-deduction proceeding in the circuit court of Cook County against defendant's employer, the Department of Mental Health of the State of Illinois, pursuant to "An Act relating to wage deductions for the benefit of creditors and regulating the issuance of deduction orders" (Ill. Rev. Stat. 1973, ch. 62, par. 71 *et seq.*). The Department moved to quash the wage-deduction summons and to dismiss the proceeding. The circuit court denied the motion, and in its order made findings in accordance with Rule 308. The appellate court allowed an appeal from the order, and we granted the Department's motion for direct appeal to this court. Rule 302(b).

Prior to our decision in *Henderson v. Foster,* 59 Ill.2d 343, it was generally accepted that the wages of governmental employees were not subject to garnishment. (See 20 Ill. L. & Pr. *Garnishment* sec. 11 (1956); 1917-18 Ill. Att'y Gen. Biennial Rep. 739; 1933 Ill. Att'y Gen. Op. 712; *Merwin v. City of Chicago,* 45 Ill. 133; *Badenoch v. City of Chicago,* 222 Ill. 71.) In *Henderson,* which involved a wage-deduction proceeding against the Urbana Park District, a municipal corporation, as employer of defendant Foster, this court said: "Neither our constitution nor our statutes have granted municipal corporations immunity from garnishment. Rather this immunity has in the past been a doctrine created by this court. In *Merwin v. City of Chicago* (1867), 45 Ill. 133, this court first held that municipal corporations were not subject to garnish-

ment because of public policy. It was felt that a municipal corporation could not be properly turned into an instrument or agency for the collection of private debts because the efficiency of government would thus be impaired and inconvenienced." 59 Ill.2d 343, 348.

We also said: "We agree with appellant's final contention that there is simply no rational basis for distinguishing between a governmental employer and a private employer with respect to the operation of the Wage Deduction Act. The immunity from such actions is of judicial origin and can therefore be abolished by this court. We find little logic in allowing suits against governmental bodies in tort or contract, and yet still denying actions in garnishment or under the Wage Deduction Act. We find that the doctrine of wage-garnishment immunity is unsound and unjust under present conditions and consider that we must abolish that immunity." (59 Ill.2d 343, 350.) Apparently inspired by this latter statement a number of wage-deduction proceedings have been filed against the State and have been stayed pending the decision of this case.

Although *Henderson* has resolved the question with respect to local government units, the parties have not cited, nor have we found, a case in which the State was a party, and the court-created doctrine of governmental immunity from garnishment was invoked. Our rejection in *Henderson* of the public policy argument as to governmental immunity from garnishment applies as well here and need not be repeated. This brings us to the question whether the grant of such immunity to the State is to be found in either the Constitution or any statute.

Citing Federal cases the Department contends that "A suit brought in circuit court which has as its object to compel action of a co-equal branch of government is not justiciable." The rationale of those cases is that the funds still in possession of the sovereign are the property of the sovereign until paid, and absent the consent of the sovereign are not subject to garnishment. (See *United*

*States v. Krakover* (10th Cir. 1967), 377 F.2d 104; *Lawhorn v. Lawhorn* (S.D.W. Va. 1972), 351 F. Supp. 1399.) We do not find those cases persuasive. Section 4 of article XIII of the 1970 Illinois Constitution provides: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." The question, therefore, is not whether the General Assembly has waived immunity, but whether it has statutorily granted such immunity. *Henderson v. Foster,* 59 Ill.2d 343, 349.

The Department contends that the State is immune from a wage-deduction proceeding under "An Act in relation to immunity for the State of Illinois," effective January 1, 1972 (Ill. Rev. Stat. 1973, ch. 127, par. 801), which provides: "Except as provided in 'An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal An Act herein named,' filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." It is plaintiff's position that the word "person" as used in the Wage Deduction Act and as construed by this court in *Henderson* (59 Ill.2d 343, 347) includes the State of Illinois and that the Immunity Act does not apply to a wage-deduction proceeding. Citing *Williams v. Medical Center Com.*, 60 Ill.2d 389, the Department responds that by enactment of the Immunity Act the State has chosen to assert its constitutionally authorized sovereign immunity and that "waiver of a constitutional right accorded the State of Illinois is not to be inferred in the absence of clear and unmistakable statutory language."

In *Henderson,* we said: " 'Person' is not defined in the Wage Deduction Act itself. However, in 'An Act to revise the law in relation to the construction of the statutes' (Ill. Rev. Stat. 1971, ch. 131, par. 1.05) it is stated that the word 'person' is to be applied 'to bodies politic and corporate as well as individuals.' We are dealing with a statutory remedy and, unless expressly excluded, it would

seem that park districts come within the terms of the statute as bodies politic. With reference to the Wage Deduction Act, we have said that 'garnishment process is purely a creature of statute [citation] and the setting of its dimensions is a matter for the legislature.' (*Taylor v. Taylor* (1969), 44 Ill.2d 139, 144.) The legislature has specifically exempted particular retirement and pension funds of public employees from garnishment and similar proceedings. (*E.g.,* Ill. Rev. stat. 1971, ch. 108½, pars. 4–135, 18–161.) The General Assembly did not exempt local governmental units or park districts in particular from the operation of the Wage Deduction Act." 59 Ill.2d 343, 347.

The General Assembly recently rejected an attempt to exempt the State, school districts and units of local government from the operation of the Wage Deduction Act. On May 18, 1975, after our decision in *Henderson* and while this case was pending, House Bill 940 was passed by the House of Representatives. This bill, styled "An Act to amend Section 13 of 'An Act relating to wage deductions for the benefit of creditors and regulating the issuance of deduction orders', approved June 19, 1961, as amended," provided *inter alia,* "All wages, salary amounts or other compensation paid by the State, any unit of local government or school district to any of its employees are exempt and not subject to collection under a deduction order." On June 26, 1975, the Senate passed an amendment deleting this provision from House Bill 940. On June 28, 1975, the House of Representatives concurred in the Senate amendment, and on the same day House Bill 940 was passed by both houses of the General Assembly. Thus, the attempt to establish by specific statutory provision the governmental immunity from garnishment which existed by court decision prior to *Henderson* did not succeed.

We consider next whether in a proceeding under the Wage Deduction Act the State is made "a defendant or party" in violation of the Immunity Act. Section 26 of

article IV of the 1870 Constitution provided: "The State of Illinois shall never be made defendant in any court of law or equity." Considering whether an action fell within that proscription this court in *Moline Tool Co. v. Department of Revenue,* 410 Ill. 35, said: "Whether or not a particular action falls within the prohibition of the constitution has not been determined solely by an identification of the formal parties to the record. The determination has rather depended upon the particular issues involved and the relief sought." (410 Ill. 35, 37.) The same test is applicable to the Immunity Act.

A wage-deduction proceeding is an action in garnishment, a statutory proceeding unknown to the common law. (*Freeport Motor Casualty Co. v. Madden,* 354 Ill. 486.) It is not a distinct and separate action against the employer, but an additional step in the original action against the judgment debtor. (*Zimek v. Illinois National Casualty Co.,* 370 Ill. 572.) It imposes on the employer only the duty to answer interrogatories and hold subject to the order of the court any nonexempt wages due or which become due within the period provided by statute (ch. 62, par 77). It is clearly distinguishable from an action in which a judgment or decree is sought against a defendant and does not serve to make the State "a defendant or party" within the contemplation of the Immunity Act.

Citing *Campbell v. Department of Public Aid,* 61 Ill.2d 1, the Department contends that the circuit court is without jurisdiction to enforce a monetary judgment against the State. In *Campbell,* the plaintiff brought an action under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) to review the decision of the Department of Public Aid which denied him a housekeeping allowance. We held that in reviewing the administrative decision the circuit court had jurisdiction to find that the plaintiff was entitled to the payments that had been withheld but that it was without jurisdiction to enter a monetary judgment against the State of Illinois. We

expressly declined to decide how the plaintiff would collect the payments the Department owed him.

On this record the only question presented is whether the State is immune from wage-deduction proceedings under the Wage Deduction Act. We hold that it is not and that the circuit court had jurisdiction in this wage-deduction proceeding against the Department. We need not and do not decide in what manner plaintiff would enforce the collection of monies found to be subject to a deduction order.

For the reasons stated the order denying the motion of the Department is affirmed and the cause is remanded to the circuit court of Cook County for further proceedings.

*Order affirmed and*
*cause remanded.*

MR. JUSTICE SCHAEFER, dissenting:

The immunity of local governmental units which was involved in *Henderson v. Foster* was, as the court there pointed out, "of judicial origin and can therefore be abolished by this court." (59 Ill.2d at 350.) But the sovereign immunity of the State is not of judicial origin, and its retention or abolition has been specifically committed by the Constitution to the General Assembly.

Section 4 of article XIII of the Illinois Constitution of 1970 says: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." Pursuant to this constitutional provision the General Assembly enacted a law, which provides: "Except as provided in 'An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal An Act herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." Ill. Rev. Stat. 1973, ch. 127, par. 801; see *Williams v. Medical Center Com.*

(1975), 60 Ill.2d 389.

This wage deduction action does not fall within the exception provided in the Court of Claims Act. The majority would escape the provisions of the Constitution and the statute enacted under it on the ground that the State is not "a defendant or party" to an action brought under the Wage Deduction Act. In such an action the State is brought before the court by the service of summons (section 5); if it fails to answer, a default judgment is to be entered against it (section 6); it is entitled to off-set its own demands against the employee, and it is made subject to potential adverse claims by third parties against the funds due to the employee (sections 8 and 9); the Civil Practice Act governs the trial (section 10), and a wage deduction order entered in such an action is to "have the force and effect and be enforceable as a judgment" (section 2). (Ill. Rev. Stat. 1973, ch. 62, pars. 72, 75, 76, 78, 79 and 80.) These characteristics make it impossible for me to say that the State is not a party to a wage deduction action.

UNDERWOOD, C.J., joins in this dissent.