AURORA NATIONAL BANK, Plaintiff-Appellee, *v.* JAMES M. SIMPSON, Defendant—(Human Relations Commission, Garnishee and Defendant-Appellant).

Second District   No. 82—973

Opinion filed September 30, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Richard J. Puchalski, Special Assistant Attorney General, of counsel), for appellant.

Gordon R. Hughes, of Tyler, Solomon & Hughes, of Aurora, for appellee.

JUSTICE HOPF delivered the opinion of the court:
The Human Relations Commission (Commission), garnishee-defendant, appeals pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) from a Kane County circuit court order denying its motion to

dismiss a garnishment proceeding seeking a conditional judgment against it. This court granted the Commission's application for leave to appeal on January 20, 1983. The question certified by the trial court as the basis for this appeal is:

"Whether section 12—807 of the Code of Civil Procedure [Ill. Rev. Stat. 1981, ch. 110, par. 12—807(a)] controls and permits the Court to require the garnishee-defendant to show cause why a conditional judgment should not be made final because the garnishee-defendant failed to answer the wage interrogatories or withhold funds pursuant to paragraph 12—801 *et seq.* notwithstanding the employer is the State of Illinois."

The Commission is a State agency created under section 8—101 of the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 8—101). Although it concedes that it is not immune from garnishment proceedings by virtue of our supreme court's opinion in *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 92, 338 N.E.2d 876, the Commission argues that the doctrine of sovereign immunity and public policy preclude the imposition of any monetary judgments under section 12—807(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—807(a)), formerly section 6 of "An Act relating to wage deductions for the benefit of creditors and regulating the issuance of deduction orders." Ill. Rev. Stat. 1979, ch. 62, par. 76.

On July 1, 1982, Aurora National Bank (bank), plaintiff, filed an affidavit for wage deduction order which stated that James M. Simpson owed the bank $6,913.58 pursuant to a September 21, 1977, judgment in its favor for $5,852.79 plus costs and interest. It had a wage deduction summons served on the Commission, which required the Commission to file answers to the bank's interrogatories.

After the Commission failed to answer the bank's interrogatories within the specified time, the bank sought the issuance of a conditional judgment against the Commission. The Commission filed a special and limited appearance and moved to dismiss the action against it. The trial court entered an order denying the Commission's motion to dismiss the bank's motion for conditional judgment. The court found that the Commission failed to file answers or withhold nonexempt wages of Simpson when answers were required to be filed and refused to forward any sums from Simpson's wages, that the Commission acknowledged it was not immune from wage garnishment proceedings but it was immune from a judgment order pursuant to section 12—807 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—807), that the above provisions was akin to the power of contempt to enforce compliance with the provisions of the

wage deduction proceedings, and that such enforcement was necessary to prevent the circumventing of these proceedings.

The bank filed a new affidavit stating that the amount owed had increased to $7,126.80. The Commission answered the interrogatories, stating that it withheld $4,373.70 from Simpson's salary and that $642.95 was the amount to be withheld pursuant to the wage deduction order. Based upon these answers, the court entered an order against the Commission for $642.95. The parties agree that the Commission has tendered this amount to satisfy the judgment and that Simpson is no longer employed by the Commission.

On November 23, 1982, the trial court certified the question presented here on the Commission's motion, finding that the order denying the Commission's motion to dismiss involves an important question of law to which there is substantial grounds for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation. The court stayed the proceedings pending this appeal. We granted the Commission's application for leave to appeal.

We must decide whether sovereign immunity precludes a circuit court from entering a conditional judgment against a State agency in a garnishment proceeding where the agency, as the employer of a judgment debtor, failed to answer wage interrogatories or withhold portions of the employee's salary pursuant to a wage deduction summons.

Under the wage deduction provisions of the Code of Civil Procedure, a judgment creditor may have summons served on a judgment debtor's employer commanding the employer to appear in court and answer written interrogatories. The judgment or balance due becomes a lien on the wages due at the time of the service of summons for a specified period of time and the employer must answer the interrogatories setting forth the amount due as wages to the judgment debtor. If the employer fails to appear and answer these interrogatories, the court may enter a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor; the employer may then be required to show cause why the conditional judgment should not be made final. If the employer fails to appear and answer, the court shall confirm the conditional judgment in the amount of the judgment against the judgment debtor. Ill. Rev. Stat. 1981, ch. 110, pars. 12—805 through 12—808.

In *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 338 N.E.2d 876, our supreme court held that the doctrine of sovereign immunity did not exempt the State from wage deduction proceedings. While

conceding that it is not exempt from wage deduction proceedings, the Commission argues that the doctrine of sovereign immunity precludes the imposition of a conditional judgment upon it. In its argument, the Commission urges that the application of this doctrine would not leave a judgment creditor remediless because that creditor could maintain a declaratory action (see *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 552, 387 N.E.2d 258), an injunction action (see *Board of Trustees v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 973, 380 N.E.2d 988), or a *mandamus* action (see *People ex rel. Hilger v. Myers* (1969), 114 Ill. App. 2d 478, 482, 252 N.E.2d 924), in the circuit court to compel the Commission to comply with wage deduction proceedings, or more likely file a claim with the court of claims.

In seeking to sustain the trial court's judgment, the bank contends that a court can abolish the doctrine of sovereign immunity if it finds it is unjust, unfair, or against public policy, but fails to cite any case law in support of this incorrect proposition. It further argues that it would be inconsistent to hold that the State is subject to garnishment proceedings but not to the rendering of a conditional judgment. The bank characterizes the provision allowing the entering of such a judgment as an enforcement device and compares the instant cause to a *mandamus* action.

Section 4 of article XIII of the 1970 Illinois Constitution abolished sovereign immunity in this State except as may be provided by law by the General Assembly. (Ill. Const. 1970, art. XIII, sec. 4.) To determine whether the State is immunized in an action against it, the issue is whether the General Assembly statutorily granted it sovereign immunity. In "An Act in relation to immunity for the State of Illinois" (Immunity Act), the General Assembly provided that, "Except as provided in 'AN ACT to create the Court of Claims *** ' *** the State of Illinois shall not be made a defendant or party in any court." (Ill. Rev. Stat. 1981, ch. 127, par. 801.) Section 8 of the Court of Claims Act gives the court of claims exclusive jurisdiction to hear and determine, *inter alia*, all claims against the State founded upon State law, contract, and tort. Ill. Rev. Stat. 1981, ch. 37, par. 439.8.

■■ Ascertaining whether the State may claim sovereign immunity in a particular action pursuant to the General Assembly's grant of sovereign immunity requires a determination of whether the State is "a defendant or party" within the meaning of the Immunity Act. This determination requires an examination of the issues involved and the relief sought in the action. *Hudgens v. Dean* (1979), 75 Ill. 2d 353, 355, 388 N.E.2d 1242; *G. H. Sternberg & Co. v. Bond* (1975), 30 Ill.

App. 3d 874, 877, 333 N.E.2d 261.

■ A suit brought against a governmental agency with relation to matters in which the agency represents the State in action and liability constitutes a suit against the State, even where the State is not a party to the record. (*Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 94, 337 N.E.2d 305.) If the relief sought could operate to control the action of the State or subject it to liability, the suit is thus deemed to be against the State. (*Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 748, 373 N.E.2d 486.) Thus, when the property of the State is involved, the State becomes directly and adversely affected by the suit and the action must be held to be one against the State. *Gordon v. Department of Transportation* (1982), 109 Ill. App. 3d 1071, 1074, 441 N.E.2d 904.

■ In the instant case, the Commission sought to dismiss an action seeking a money judgment for the amount due to the judgment creditor. Since the relief sought would subject the State to financial liability, sovereign immunity bars the action. Where a party seeks a monetary judgment against an agency payable out of State funds, the proper forum is not the circuit court, but rather the court of claims. (See *McGuire v. Board of Regents* (1979), 71 Ill. App. 3d 998, 1001, 390 N.E.2d 632; *Boards of Education v. Cronin* (1977), 54 Ill. App. 3d 584, 587, 370 N.E.2d 19; *Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 94, 337 N.E.2d 305.) The rationale for this rule is that the court of claims has been established with exclusive jurisdiction to provide for the orderly disbursement of State funds if a plaintiff's claim has merit, whereas the State has not otherwise budgeted for such payment. See Ill. Rev. Stat. 1981, ch. 37, par. 439.24 (payment of claims).

■ The bank attempts to find an exception to the above rules governing sovereign immunity by focusing upon our supreme court's decision in *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 338 N.E.2d 876, where the court held that the State is not immune from wage deduction proceedings. That opinion, however, does not compel an affirmance of the trial court's order.

In *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 338 N.E.2d 876, the court found, as it did in *Henderson v. Foster* (1974), 59 Ill. 2d 343, 319 N.E.2d 789, which concerned a municipality as a garnishee, that no rational basis exists to distinguish between a governmental employer and a private employer. It also reiterated that the State, as a body politic, is a "person" as that word is used in the wage deduction provisions. In finding that the wage deduction provisions and public policy do not exclude the State as a possible gar-

nishee, the court examined whether the doctrine of sovereign immunity barred a garnishment proceeding against the State. Recognizing that the legislature enacted a sovereign immunity statute, the court stressed that whether the State is a "defendant or party" depends upon the particular issues involved and the relief sought rather than an identification of the formal parties to the record. (*First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 91, 338 N.E.2d 876.) Applying this rule, the court found that a wage deduction proceeding, a statutory proceeding unknown to the common law, was not a distinct and separate action against the employer, but an additional step in the original action against the judgment debtor: it imposed on the employer only the duty to answer interrogatories and hold subject to the order of the court any nonexempt wages due or which become due within the period provided by the statute. Since the proceeding did not seek a judgment or decree against the defendant nor make the State a defendant within the meaning of the Immunity Act, the court held that the State was amenable to these proceedings.

In holding the State not immune from a garnishment proceeding, the court stated, however, that:

> "On this record the only question presented is whether the State is immune from wage-deduction proceedings under the Wage Deduction Act. We hold that it is not and that the circuit court had jurisdiction in this wage-deduction proceeding against the Department. We need not and do not decide in what manner plaintiff would enforce the collection of monies found to be subject to a deduction order." (*First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 92, 338 N.E.2d 876.)

Thus, the court left open the question of whether a circuit court would have jurisdiction to enter a conditional judgment to enforce the State's duty, as an employer, in garnishment actions.

Subjecting the State to garnishment proceedings and to conditional judgments are inherently distinguishable situations. In the former, the State will not lose any of its money but will only be required to deliver what it owes its employees. (See *Henderson v. Foster* (1974), 59 Ill. 2d 343, 350, 319 N.E.2d 789.) In the present situation, however, the State would be subject to a monetary judgment payable out of its general funds. (See *McGuire v. Board of Regents* (1979), 71 Ill. App. 3d 998, 390 N.E.2d 632.) The bank's argument which, in essence, warns against the anomalous result should the State be amenable to garnishment proceedings but not subject to a conditional judgment necessary to compel compliance lacks persuasiveness.

The bank has not contended that it cannot seek such a judgment in the Court of Claims. Section 8 of the Court of Claims Act gives exclusive jurisdiction to that court to hear and determine, *inter alia,* "[a]ll claims against the state founded upon any law of the State of Illinois ***." (Ill. Rev. Stat. 1981, ch. 37, par. 439.8.) Not only does this section preempt a circuit court from entering a conditional judgment, but it gives the bank a remedy should it seek to assert it.

■ The bank contends that requiring it to perform extra acts against an employer merely because it is a State agency is unfair and burdensome. However, our supreme court has held that the vesting of exclusive jurisdiction in the Court of Claims is not offensive to any provision in the United States Constitution. (*Williams v. Medical Center Com.* (1975), 60 Ill. 2d 389, 395, 328 N.E.2d 1.) Such a requirement, it has been held, is necessary to protect the State treasury, to enable the government to function unhampered by threat of time and energy consuming legal actions, and to protect the State in high-risk activities. (*Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 118-19, 355 N.E.2d 537.) As reiterated in *Chicago Welfare Rights Organization v. Weaver* (1972), 5 Ill. App. 3d 655, 284 N.E.2d 20, *aff'd* (1973), 56 Ill. 2d 33, 305 N.E.2d 140, *cert. denied* (1974), 417 U.S. 962, 41 L. Ed. 2d 1135, 94 S. Ct. 3164: " '[t]he obligations of a State rest for their performance upon its honor and good faith, and cannot be made the subjects of judicial cognizance, unless the State consents to be sued or comes itself into court.' " 5 Ill. App. 3d 655, 659, 284 N.E.2d 20.

■ A somewhat analogous situation arose in *Campbell v. Department of Public Aid* (1975), 61 Ill. 2d 1, 329 N.E.2d 225. A recipient of old-age assistance appealed from a circuit court judgment entered in an action under the Administrative Review Act which found that the defendant incorrectly terminated the plaintiff's benefits and ordered their reinstatement but refused to order the defendant to pay the plaintiff the sums he should have been paid. The appellate court reversed and ordered the defendant to pay the plaintiff this past due amount. The supreme court found that although the appellate court could hold that the plaintiff was entitled to payment which had been withheld, it could not authorize the circuit court to enter a monetary judgment against the State. (61 Ill. 2d 1, 5, 329 N.E.2d 225.) Similarly, in the instant case, while a circuit court could issue a summons against a State agency and find that a judgment creditor has a lien on an employee's wages, it could not order a monetary judgment against the State for the amount of that lien.

The bank posits that the General Assembly's rejection of a pro-

posed amendment to the wage deduction provisions, which would have immunized the State, school districts and units of local government from garnishment proceedings, after the supreme court held municipalities subject to wage deduction proceedings in *Henderson v. Foster* (1974), 59 Ill. 2d 343, 319 N.E.2d 789, signifies that the General Assembly intended the State to be subject to all of the wage deduction provisions. (See *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 90, 338 N.E.2d 876.) The rejection of this proposed amendment, however, does not necessarily support the bank's hypothesis. The General Assembly may have rejected the amendment because it believed the State was already immune from wage deduction provisions. Indeed, the General Assembly may have wanted the State to be subject to a wage deduction summons but not to the entering of a conditional judgment. Since various interpretations may be placed on the reason behind the rejection of the amendment, the bank's argument lacks merit. Furthermore, despite any interpretation placed upon the General Assembly's rejection of the proposed amendment, the State may consent to suit against it only by affirmative action of the General Assembly, not by nonaction. See *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 68, 344 N.E.2d 461; *Edelen v. Hogsett* (1969), 44 Ill. 2d 215, 217, 254 N.E.2d 435.

The bank further contends that since the General Assembly exempted certain pension retirement funds from deduction orders (see Ill. Rev. Stat. 1981, ch. 110, par. 12—804), the legislature's failure to similarly extend the exemption to wages paid by the State to indicate that such wages are not exempt. However, the present issue is not whether State-paid wages are exempt from wage deduction proceedings but whether a monetary judgment may be entered against the State. For that reason, and the reasons previously stated concerning the legislature's rejection of the proposed amendment, this argument is not persuasive.

In its brief, the bank makes several references to *Henderson v. Foster* (1974), 59 Ill. 2d 343, 319 N.E.2d 789. Many of those references evince the bank's misunderstanding that *Henderson* was not based upon the doctrine of sovereign immunity. Thus, while the court can interpret and determine what public policy demands, as it did in *Henderson*, where a statute bars an action against the State, a court is required to give effect to that statute.

Finally, the bank compares the instant action to a *mandamus* action. While a circuit court has jurisdiction to hear a *mandamus* action, comparing the instant action to a *mandamus* action is inappropriate. *Mandamus* is a proper remedy to enforce officials to perform

their duty where the action charges an individual official with acting in abuse of his discretion. (*People ex rel. Hilger v. Myers* (1969), 114 Ill. App. 2d 478, 481-82, 252 N.E.2d 924.) Since a suit against a State official to compel that official to perform his duty is not a suit against the State, the payment of State funds may be thus compelled. (*City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 579, 413 N.E.2d 394; *Board of Trustees v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 971, 380 N.E.2d 988.) Here, however, the action did not charge an individual official with abusing his discretion in the performance of his duties. Therefore, classifying this action as a *mandamus* action is incorrect.

■ In response to the specific question certified by the trial court, we hold that sovereign immunity precludes the circuit court from entering a conditional judgment against the State of Illinois. Ill. Rev. Stat. 1981, ch. 37, par. 439.8.

For the reasons stated, the judgment of the circuit court of Kane County is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

LINDBERG and REINHARD, JJ., concur.