HOLLANDER AND HOLLANDER, Plaintiffs-Appellees, v. NICHOLAS KAMENJARIN, Defendant (The Department of Revenue, Defendant-Appellant).

First District (2nd Division)   No. 1—88—3417

Opinion filed July 31, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen Michels Caille, Assistant Attorney General, of Chicago, of counsel), for appellant.

Hollander & Hollander, of Chicago (Richard J. Hollander and Michael A. Klysh, of counsel), for appellees.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Hollander and Hollander (Hollander), a law firm and a judgment creditor of Nicholas Kamenjarin, filed an action against the Illinois Department of Revenue (the Department) to garnish certain money allegedly due Kamenjarin from the Department. The circuit court entered judgment against the Department for $3,114.38. In this appeal, the Department maintains that under the doctrine of sovereign immunity, the circuit court lacked jurisdiction to hear this case, which involved an agency of the State of Illinois.

Having obtained a judgment for nonpayment of retail occupation tax against Kamenjarin in 1979, the Department garnished $3,114.38 from him. The money was deposited in the State's general fund. Thereafter, pursuant to Kamenjarin's motion, the circuit court quashed service of summons and vacated judgment. The Department subsequently served Kamenjarin with a summons, but the circuit court dismissed the complaint with prejudice pursuant to Rule 103(b) for lack of diligence in obtaining service after the expiration of the statute of limitations. 107 Ill. 2d R. 103(b).

Hollander, which represented Kamenjarin during the latter proceedings, filed suit against him to collect for unpaid legal services and, on January 6, 1988, judgment was entered in its favor for $3,307.65 plus court costs. Seeking to garnish the tax refund claimed to be due Kamenjarin from the dismissal of his case, Hollander served a nonwage garnishment for $3,390.53 on the Department. Initially, the Department failed to answer, and the circuit court entered a conditional judgment against it (see Ill. Rev. Stat. 1987, ch. 110, par. 12—706). This judgment was later vacated. On October 17, 1988, following oral argument, the circuit court found that the Department owed $3,114.38 to Kamenjarin. On October 24, 1988, the circuit court denied the Department's motion to dismiss and ordered it to pay $3,114.38 to Kamenjarin for the use of Hollander within 60 days.

On appeal, the Department maintains that the circuit court lacked jurisdiction in this garnishment action because the Department was a "defendant or party " within the meaning of "An Act in relation to

immunity for the State of Illinois" (Immunity Act) (Ill. Rev. Stat. 1987, ch. 127, par. 801). The Department contends that because Hollander sought a monetary judgment against an agency payable out of State funds, the proper forum was not the circuit court, but the Court of Claims.

Hollander contends that the Department was not immune from this garnishment proceeding, because in such a proceeding the State is not "a defendant or party" within the contemplation of the Immunity Act. Hollander argues that the circuit court had jurisdiction because its order was not a monetary judgment, but a remedy fashioned under its equitable powers in an equitable action.

■■ Whether a suit is brought against the State and thus barred by the doctrine of sovereign immunity does not depend on the identity of the formal parties but rather on the issue raised, the relief sought, and the determination of whether the State is "a defendant or party" within the meaning of the Immunity Act. (*Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 186, 470 N.E.2d 1029.) When the State will be directly and adversely affected by the judgment, making the State the real party against whom relief is sought, the suit is against the State. (*Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 408-09, 475 N.E.2d 863.) Thus, when property of the State is involved, the State becomes directly and adversely affected by the suit and the action must be held to be one against the State. *Sass v. Kramer* (1978), 72 Ill. 2d 485, 491, 381 N.E.2d 975; *Marriott Corp. v. Department of Transportation* (1989), 186 Ill. App. 3d 167, 171, 542 N.E.2d 163.

In the instant case, Hollander initiated a garnishment proceeding which sought a judgment for the amount due to the judgment creditor. In support of its position, Hollander relies on *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 91-92, 338 N.E.2d 876, in which the court held that the State is not immune from wage-deduction proceedings under "An Act relating to wage deductions ***" (the Wage Deduction Act) (Ill. Rev. Stat. 1973, ch. 62, par. 71 *et seq.*) and that the circuit court has jurisdiction in a garnishment proceeding under that act. *Pellum* explicitly did not decide in what manner the plaintiff would enforce the collection of monies found to be subject to a deduction order. Moreover, *Pellum* is inapposite to the case at bar, because the issue here is not whether State-paid wages are exempt from wage-deduction proceedings but whether a monetary judgment may be entered against the State.

■■■ As the court noted in *Aurora National Bank v. Simpson* (1983), 118 Ill. App. 3d 392, 454 N.E.2d 1132, subjecting the State to

garnishment proceedings and to conditional judgments are inherently distinguishable situations. In garnishment proceedings the State does not lose any of its money but is required only to deliver funds previously appropriated and owed to its employees (see *Henderson v. Foster* (1974), 59 Ill. 2d 343, 350, 319 N.E.2d 789), whereas in a conditional judgment, the State is subjected to a monetary judgment (see Ill. Rev. Stat. 1987, ch. 110, par. 12—706) which the circuit court lacks jurisdiction to order. (*Aurora National*, 118 Ill. App. 3d at 398.) In this case the circuit court issued a monetary judgment payable out of the State's general funds where the Department had properly deposited the collected revenue. The circuit court had no authority to enter such an order. See *Aurora National*, 118 Ill. App. 3d at 398.

Hollander's contention that the circuit court's order is not a monetary judgment is not supported by the record. In its oral opinion the court stated:

"You [the Department] came in not with clean hands, so I believe the overriding dignity of the Court would rise, its dignity not having been done and order you return the funds."

Furthermore, since the October 24, 1988, order directed that the Department pay $3,114.38 to Kamenjarin for Hollander's use within 60 days, it was a monetary judgment.

Hollander has not contended that it cannot seek relief in the Court of Claims. Section 8 of the Court of Claims Act gives exclusive jurisdiction to that court to hear and determine, *inter alia*, "[a]ll claims against the state founded upon any law of the State of Illinois." (Ill. Rev. Stat. 1981, ch. 37, par. 439.8(a).) The Court of Claims has been granted exclusive jurisdiction to provide for the orderly disbursement of State funds where a plaintiff's claim has merit, even if the State has not otherwise budgeted for such payment. (See Ill. Rev. Stat. 1987, ch. 37, par. 439.24.) Though the statute prevents the circuit court from entering a monetary judgment against the State, it provides the appropriate remedy. See *Aurora National*, 118 Ill. App. 3d at 399.

For the foregoing reasons we conclude that sovereign immunity barred the circuit court proceedings. The judgment of the circuit court is reversed.

Reversed.

HARTMAN and BILANDIC, JJ., concur.