**In re Richard WALTJEN, Debtor.**

**Bankruptcy No. 92 B 18031.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 29, 1993.

Glenn R. Gaffney, Glendale Heights, IL, for debtor.

Clay Mosberg, Chicago, IL for American General Finance.

Gus A. Paloian, Trustee, Chicago, IL.

## MEMORANDUM OPINION ON DEBTOR'S MOTION TO AMEND SCHEDULES AND TO ENFORCE THE AUTOMATIC STAY

JACK B. SCHMETTERER, Bankruptcy Judge.

By motion presented September 21, 1992, and amended October 13, 1992, Debtor Richard Waltjen has asked leave to amend his schedule of assets so as to list wages withheld by his employer as exempt property of his estate. He also moved for other relief against respondent American General Finance Inc. ("American"), including sanctions for asserted stay violation and avoidance of judicial lien under 11 U.S.C. § 522(f)(1). American responded. This matter was set for a status hearing on November 9, 1992. At that hearing, both parties through their counsel waived their rights to present evidence, and rested on the pleadings and submissions. Having considered the pleadings and all other submissions of counsel,[1] based on the undisputed facts, the judicial lien is avoided; the motion to amend schedules set for hearing after notice is given to creditors; and the application for sanctions is denied.

### UNDISPUTED FACTS

The following relevant facts are undisputed from the pleadings and record:

On April 2, 1992, American obtained judgment against Debtor in the amount of $3,714.53 plus costs. American's "Statement" at ¶ 1; American's Response, at ¶ 5. On May 1, 1992, it caused a wage deduction summons to be served upon Debtor's employer, Total Retail Services, Inc. ("Total Retail"). Debtor's Motion, at ¶ 1; American's Response, at ¶ 1. July 22, 1992 was set as the date by which Total Retail was to file an answer to interrogatories served with the summons. American's Response, at ¶ 2; Debtor's Reply to American's Response, at ¶ 3. Total Retail subsequently withheld $765 from Debtor's wages, but it did not answer the interrogatories. Debt-

or's Motion, at ¶ 2; American's Response, at ¶¶ 2, 5, and 7.

On August 12, 1992, American sent out notice of a motion in the Circuit Court of Cook County, Illinois (the "Circuit Court") for entry of conditional judgment against Total Retail based on its failure to answer the wage deduction interrogatories. American's "Statement" at ¶ 1. This motion was noticed to be heard on August 26. *Id.*

Also on August 12, Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701 *et seq.* Debtor does not contend that American's motion for conditional judgment was served after the bankruptcy proceeding was filed. On August 20, Debtor's counsel Mr. Glenn Gaffney telephoned American's counsel Mr. Clay Mossberg, and informed him of the bankruptcy filing. American's Statement, at ¶ 4; Debtor's Memorandum in Support of his Motion, at ¶ 1. Mr. Mossberg responded that American's motion was for judgment against Total Retail and not against Debtor. *Id.* He agreed that American could not proceed against Debtor, but he indicated his intention to continue prosecuting the motion against Total Retail. *Id.*

At the hearing on August 26, Mr. Gaffney filed an appearance and response on behalf of Total Retail, and informed the Circuit Court that his client was holding $765 in withheld wages. American's Response, at ¶ 5. American's counsel responded that his client would accept payment of that $765 in lieu of proceeding against Total Retail for the full amount of the judgment debt. *Id.* (Debtor says that the money was "requested".) Debtor's Motion, at ¶ 5. However, no motion for turnover of that money was filed, nor does Debtor claim that such motion was made orally. The matter was continued by the Circuit Court to September 9, 1992. *Id.*, at ¶ 6; American's Response, at ¶ 6. American appeared at the September 9 hearing, *id.*, but there is no evidence that Ameri-

---

1. The following were filed:
 Debtor's Motion—September 2, 1992
 American's Response—September 30, 1992
 Debtor's Reply—October 13, 1992

 Debtor's Amendment to Motion—October 13, 1992
 American's "Statement of Facts" and "Statement of Law"—October 28, 1992

can's motion against Total Retail has been resolved by the Circuit Court.

On September 15, 1992, Debtor filed the instant motion in this proceeding, seeking the following relief:

1. leave to amend Debtor's Schedules B-3 ("Property Not Otherwise Scheduled") and B-4 ("Property Claimed as Exempt") so as to list the withheld funds as exempt;

2. an order enforcing the automatic stay against American (presumably to block it from further efforts to pursue its Circuit Court action); and

3. an order requiring American and its attorneys to "show cause" why they should not be held in contempt for their failure to abide by the automatic stay.

No notice of that motion was served on creditors other than American. On October 13, 1992, Debtor filed an amendment to its motion seeking the following additional relief:

4. an order pursuant to 11 U.S.C. § 522(f)(1) avoiding any judicial lien created by the garnishment proceedings, and

5. an order requiring American to reimburse Debtor for attorney's fees incurred in defending against American's turnover motion and in presenting and prosecuting this motion, by way of sanctions for asserted violation of the automatic stay, 11 U.S.C. § 362.

 American filed a response only to Debtor's original motion, not to the Amendment. While movant also asked that American be held in "contempt" of the automatic stay, the procedure required under Fed.R.Bankr.P. 9020 was not followed, and therefore contempt cannot be considered. However, the motion is treated under 11 U.S.C. § 362(h) to determine whether movant has demonstrated that American willfully violated the automatic stay.

## DISCUSSION

1. *Effect of Wage Deduction Summons*

What are Debtor's rights as to wages withheld pursuant to the wage deduction summons served on his employer before filing of his bankruptcy petition? Illinois has provided a wage deduction procedure for judgment creditors in its Code of Civil Procedure. Formerly Ill.Rev.Stat. ch. 110, ¶ 12–801 *et seq.*, now cited as 735 ILCS 5/12–801 *et seq.* The respective rights of debtor and creditor after service of that summons is determined under Illinois law. *See In re Jones,* 768 F.2d 923, 927 (7th Cir.1985) ("Whether the debtor has an interest in property, and if he does, the nature of that interest, is not defined in the [Bankruptcy Code], and requires resort to non-bankruptcy law. Generally, this means resort to state law").

Any wage deduction proceeding is initiated by a judgment creditor filing an affidavit stating the creditor's belief as to identity of the judgment debtor's employer. A set of interrogatories for the employer to answer must also be filed concerning the debtor's wages. Formerly Ill.Rev.Stat. ch. 110, ¶ 12–805, now cited as 735 ILCS 5/12–805. The clerk of the state court then issues a summons commanding the employer to answer the interrogatories. *Id.* The summons and interrogatories must be served upon the employer along with a copy of the judgment that forms the basis of the creditor's claim. *Id.* The alleged employer then has a minimum of 84 days from the date of service to file answers to the interrogatories. *See* Ill.Rev.Stat. ch. 110, ¶ 12–806, now cited as 735 ILCS 5/12–806 ("If the employer is served with summons less than 84 days prior to the return date, the court shall continue the case to a new return date not less than 84 days after the service of the summons"), and ¶ 12–808(c) ("The employer shall file, on or before the return date, but in no event sooner than 84 days after service of the summons ... a written answer under oath to the interrogatories").

The service of a wage deduction summons creates certain obligations for the employer. These duties include holding the debtor's wages that are not exempt from garnishment and filing an answer to the interrogatories. *Id.,* ¶ 12–808. If the employer fails to answer the interrogatories, then the court may enter a conditional

judgment against it for the full amount due on the creditor's judgment against the debtor. *Id.*, ¶ 12–807(a).

■ Assuming that the employer has complied with all of its statutory duties, the next step is to litigate any defenses to or competing claims against the withheld wages. *Id.*, ¶ 12–811. If the judgment creditor prevails, the court enters a wage deduction order, and the funds are transferred from the employer to the creditor. *Id.; In re Weatherspoon*, 101 B.R. 533, 541 (Bankr.N.D.Ill.1989) (Barliant, J.) ("The employer pays withheld wages to the judgment creditor ... not pursuant to the summons ... but pursuant to the order, and it is the order that gives the creditor the unconditioned right to the funds or property"). *See also In re Garcia*, 149 B.R. 530 (Bankr.N.D.Ill.1993) (Barliant, J.), and *In re Bates*, 148 B.R. 541 (Bankr.N.D.Ill.1993) (Wedoff, J.) (both cases reaffirming the logic and holding of *Weatherspoon*).

■ When the summons is served, the judgment creditor obtains a judicial lien on wages withheld by the employer up to the amount due on the judgment. Formerly Ill.Rev.Stat. ch. 110, ¶ 12–808(a), now 735 ILCS 5/12–808(a); *Weatherspoon*, 101 B.R. at 536. However, the judgment debtor retains an interest in the withheld wages until the wage deduction order is entered. *Bryant v. General Electric Credit Corp.*, 58 B.R. 144, 146 (N.D.Ill.1986) (Duff, J.); *Bates*, 148 B.R. at 544–545; *Weatherspoon*, 101 B.R. at 536–41; *In re Gray*, 97 B.R. 930, 935 (Bankr.N.D.Ill.1989) (Schmetterer, J.); *In re Johnson*, 53 B.R. 919, 923 (Bankr.N.D.Ill.1985) (Ginsberg, J.). As explained in *Bryant*,

> the debtor continues to have some interest in his wages. The employer garnishee holds the debtor's funds as stakeholder until the wage deduction order is entered and the claims to the property are settled.... Prior to the entry of the wage deduction order, the judgment debtor may challenge the underlying

judgment and assert his rights to the funds.

58 B.R. at 146 (citations omitted).

■ In this case, Total Retail has retained $765 of Debtor's wages pursuant to the wage deduction summons served upon it, but no wage deduction order has ever been entered. Therefore, on the date that Debtor filed his bankruptcy petition, he had an interest in the withheld wages, subject to the judicial lien of American on the withheld wages.

### 2. *Request for Leave to Amend Schedules*

■ Fed.R.Bankr.P. 1009(a) provides that a schedule "may be amended by the debtor as a matter of course at any time before the case is closed." Debtors must be allowed to amend their schedules unless they have concealed property, acted in bad faith, or the amendment would prejudice the creditors. *In re Weissman*, 126 B.R. 889, 892 (Bankr.N.D.Ill.1991). Debtor has an interest in the withheld wages, but those wages have not been listed. The case has not been closed yet. Also, there is no evidence that Debtor has acted in bad faith or that creditors will be prejudiced by the addition of this asset to the schedules. Therefore, Debtor may seek to add the withheld wages to his Schedule B–3 ("Property Not Otherwise Scheduled").

■ Debtor also seeks to list the withheld wages under Schedule B–4 ("Property Claimed as Exempt"). His claim for exemption is based on Ill.Rev.Stat. ch. 110, § 12–1001(b) (now cited as 735 ILCS 5/12–1001), which allows debtors to exempt their equity interest in any property up to $2,000. When the withheld wages are added to the other property claimed as exempt under this statute, the total exemption claimed is $1,965.[2] Therefore, Debtor may also seek to add those wages to his Schedule B–4. However, a motion to do so must be noticed to all creditors under Fed.R.Bankr.P. 1009(a) because creditors might

---

**2.** This sum consists of miscellaneous household goods ($400), equity interest in his Jeep ($800), and the withheld wages ($765).

be affected by such motion. Such notice was not served.

■ The Illinois Legislature amended its statute governing the exemptions for personal property in 1991 to add this language:

The personal property exemptions set forth in this section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor that were required to be withheld upon which a wage deduction order has been entered under part 8 of Article XII [the garnishment statute].

Ill.Rev.Stat. ch. 110, ¶ 12–1001. This language merely codifies the holdings in *Johnson, Weatherspoon,* and other cases as they apply to exemptions. As Judge Wedoff explained in *Bates,* 148 B.R. at 547, "the only possible interpretation of this phrase is to limit the application of the exemption prohibition to a wage deduction that has been confirmed by a court order." *See also Garcia,* 149 B.R. 530 (reaching this same conclusion). Since no wage deduction order was obtained in this case, § 12–1001 does not prevent Debtor from claiming the withheld wages as an exemption.

However, until notice to amend the exemption schedule is served on creditors, the motion to amend the exemption schedule cannot be considered. For that reason, that part of the motion will be continued to allow service of the required notice.

### 3. *Lien Avoidance under 11 U.S.C. § 522(f)(1)*

Section 522(f)(1) of the Bankruptcy Code provides,

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ... a judicial lien....

11 U.S.C. § 522(f)(1).

■ American has a judicial lien on the withheld wages, and those wages are potentially exempt property under Illinois law as it applies through 11 U.S.C. § 522(b). Even before treating that property as exempt, moreover, Debtor has a right to those wages subject to the judicial lien, as earlier discussed. Therefore, American's lien impairs Debtor's right to that property, and Debtor has a right to avoid that lien pursuant to § 522(f)(1). *Bates,* 148 B.R. at 548; *Weatherspoon,* 101 B.R. at 541–42; *In re Watterson,* 102 B.R. 702, 703 (Bankr. C.D.Ill.1987); *Johnson,* 53 B.R. at 922–24. An order granting such relief must be entered.

### 4. *Whether the Automatic Stay was Violated*

Section 362(a) of the Bankruptcy Code provides that,

... a petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of—

. . . .

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

. . . .

11 U.S.C. § 362(a).

■ The automatic stay does not necessarily affect American's right to pursue an action under § 12–807(a) to seek a conditional judgment against Total Retail for its failure to fulfill its duty under § 12–808(c) to answer the garnishment interrogatories. This is a remedy against the employer, who is not a debtor, for its failure to comply with the wage deduction statutes. 20 *Ill. Law & Pract.,* Garnishment § 93 (1992) (discussing conditional judgments against garnishees). *See also Aurora National Bank v. Simpson,* 118 Ill.App.3d 392, 73 Ill.Dec. 883, 454 N.E.2d 1132 (2nd Dist. 1983), and *Chicago Catholic Workers' Credit Union v. Rosenberg,* 346 Ill.App. 153, 104 N.E.2d 568 (1st Dist.1952) (discussing employers' liability for failing to answer garnishment interrogatories). There-

fore, American's action in seeking a conditional judgment against Total Retail was not necessarily an action against the Debtor or his property.

In *In re Gray*, 97 B.R. 930 (Bankr. N.D.Ill.1989), a conditional judgment was entered against the debtor's employer postpetition for its failure to answer the summons. Two months later, the conditional judgment was confirmed and made final. The creditor subsequently sought to enforce its judgment against the employer in state court. The debtor requested that the court hold the creditor in contempt for its attempt to enforce that judgment. This court denied this request stating,

> Here it is clear that the employer was ill-advised to ignore the garnishment because it assumed that the bankruptcy filing would stop the process. To be sure, the employer could not withhold wages after the bankruptcy was filed. However, nothing prevented it from filing its answer to the garnishment interrogatories, or from reporting either that no wages were withheld, or that nothing could be withheld due to the bankruptcy filing.... Nor was the employer ... prevented from contesting the entry of final judgment when summons to confirm conditional judgment was served on it.... But instead it remained silent until after final judgment was entered against it, and the state court subsequently enforced that final judgment. In doing so, only the employer's liability under state law and its funds were affected, not the employee's wages or property of the estate.

*Gray*, 97 B.R. at 937. Thus, an action against an employer for its failure to comply with the garnishment procedures will not be an action against the debtor or his estate when the creditor is solely going after the assets of the non-debtor employer.

Debtor's counsel, who also appeared as counsel for Total Retail before the state court, raised a defense to entry of a conditional judgment against Total Retail. He argues that the return date on the summons date, July 22, was only 82 days after the date of service. Therefore, he contends, under § 12–806 (which requires a return date of at least 84 days after the date of service), that Total Retail was under no obligation to answer the interrogatories. This defense is only relevant to the issue of Total Retail's liability under the state wage deduction statutes. It is not relevant to the issue of whether American violated the stay by prosecuting an action against Debtor or his property. As in *Gray*, there was nothing to prevent Total Retail from acting to prevent entry of an order against it. Indeed, the motion for conditional judgment has not been resolved. Total Retail could still file an answer and interpose any defenses that it has available to prevent the entry of such an order. § 12–807; *Ill.Law & Pract.*, Garnishment § 93. Since American's lien will now be avoided, all that may now be moot.

■■■ However, since Debtor at all times mentioned retained an interest in the withheld wages, the automatic stay imposed by § 362 did prohibit American from pursuing those withheld wages in the absence of stay modification. Thus, after the petition was filed, American was stayed from seeking possession of the withheld wages, and may not do so now.

■■■ Any action by American to seek turnover of the withheld funds would be in violation of the stay. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992); *In re Garcia*, 109 B.R. 335 (N.D.Ill.1989). See also issues in *In re Pettibone*, 110 B.R. 848, 853 (Bankr.N.D.Ill.), rev'd on other grounds; *Pettibone v. Easley*, 935 F.2d 120, (7th Cir.1991). Any further action taken by American to actually move for turnover of the withheld wages or to prosecute its action to obtain a wage deduction order that would terminate debtor's rights would also be void. However, its offer to counsel who represented both Debtor and the employer to accept the withheld wages in settlement of the motion against employer is too ambiguous an act to constitute an act against Debtor's property that offends § 362.

■■■ The Bankruptcy Code allows individuals injured by a willful violation of the automatic stay to recover damages as a

sanction from the party that violated the stay. 11 U.S.C. § 362(h). Debtor seeks sanctions to compensate for fees incurred in defending against American's efforts to pursue the garnishment proceedings and the turnover motion in state court. While Debtor has moved for a "rule to show cause" against American, this request is treated as one for sanctions pursuant to § 362(h).[3] To prevail, Debtor must establish that American took action that violated the automatic stay while it knew that the automatic stay was in effect. *Taborski v. United States*, 141 B.R. 959, 965 (N.D.Ill. 1992); *In re Ziegler*, 136 B.R. 497, 499 (Bankr.N.D.Ill.1992). Debtor does not have to prove that American had a specific intent to violate the stay. *Taborski*, 141 B.R. at 966, *citing In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989).

In this case, American learned of the automatic stay created by Debtor's bankruptcy filing on August 20, but it appeared in state court on August 26 and September 9 only to press a motion for relief against the employer. Those efforts did not violate the stay. Furthermore, the state court never entered any order that was prejudicial to Debtor, and the withheld wages were not transferred from Total Retail to American.

Debtor also argues that the instant motion was filed in response to American's state court actions, and therefore he seeks costs and attorney's fees for filing and prosecuting this motion. It must be noted, however, that his failure to schedule the withheld wages as an asset or exemption, and his lack of immediate action to avoid the lien, were not due to any action of American.

Therefore, no violation of stay has been shown. The present motion, while necessary, was not necessitated by any stay violation.

## CONCLUSION

Accordingly, by Order entered separately this day, (i) Debtor's motion to amend his

Schedules B–3 and B–4 is set for future hearing pending notice to all creditors; (ii) the judicial lien created by the wage deduction summons is avoided pursuant to § 522(f)(1) of the Bankruptcy Code; and (iii) the motion for sanctions under 11 U.S.C. § 362(h) is denied.

---

**3.** The "rule to show cause" requested by Debtor has no application in Bankruptcy Court where contempt proceedings are provided for and governed by Fed.R.Bankr.P. 9020. *In re Crooks*, 148 B.R. 867 (Bankr.N.D.Ill.1993); *In re Torres*, 117 B.R. 379, 387 (Bankr.N.D.Ill.1990).