(No. 84-CC-1654-

AURORA NATIONAL BANK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 11, 1989.*

TYLER & HUGHES, P.A. (GORDON R. HUGHES, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (DANIEL BRENNAN, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

On September 21, 1977, a judgment was entered in Kane County, Illinois, in favor of Aurora National Bank and against Mr. James Simpson, an employee of the State of Illinois, in the amount of $5,852.79 plus costs.

In July of 1982, a garnishment summons and affidavit were filed. On July 9, 1982, that summons was served on the State of Illinois at the Human Rights Commission, where Mr. Simpson was working for the State as a staff attorney. The wage deduction summons contained a return date of September 9, 1982. That date came and passed without the filing of an affidavit or an answer to the wage garnishment summons by the State of Illinois or the Human Rights Commission. Subsequent to September 9, 1982, counsel for the Claimant made personal contact with a Ms. Beverly Dunjill, an employee of the Human Rights Commission, who told the attorney that Mr. Simpson and she had discussed this matter and that Mr. Simpson said that he would take care of the wage garnishment personally. As a result, the

State did not withhold any funds from his wages. Thereafter a second wage deduction summons was served upon the State of Illinois. That garnishment was honored and monies were withheld from Mr. Simpson's wages. After that garnishment, Mr. Simpson filed personal bankruptcy. The Aurora National Bank, having no collateral on the loan, filed a motion for judgment pursuant to the Wage Garnishment Act for a judgment in the full amount that was then due and owing under the original judgment.

A special and limited appearance was filed by the State along with a motion to quash based on the principles of sovereign immunity on the first garnishment proceeding. The Kane County Circuit Court entered an order denying the motion to dismiss the garnishment proceedings and that order was appealed. In *Aurora National Bank v. Simpson* (1983), 118 Ill. App. 3d 392, the appellate court reversed the judgment of the circuit court of Kane County and held that while the circuit court could issue summons against a State agency and find that the judgment creditor had a lien on an employee's wages, it could not order monetary judgment against the State for that amount. It also held that the sovereign immunity doctrine precluded the circuit court from entering a conditional judgment against the State of Illinois in garnishment proceedings where the agency failed to enter wage interrogatories or withhold portions of the employee's salary pursuant to a wage deduction summons. Furthermore, the court stated that section 8 of the Court of Claims Act gives exclusive jurisdiction to the Court of Claims to hear and determine all claims against the State founded upon any law of the State of Illinois including the type of claim involved in this litigation. (Ill. Rev. Stat., ch. 37, par. 439.8.) The court indicated that the Court of Claims was the proper forum for its remedy.

The issue presented here is whether the State is obligated to now pay the remainder of the debt owed by Mr. Simpson because it did not comply with the first garnishment summons.

This case presents an apparently novel issue and a unique set of circumstances to this Court. Not only was Mr. Simpson employed as an attorney by the Human Rights Commission, it was also his responsibility to deal with wage deductions which came in on other employees. As such, he was in a sensitive position which enabled him to disrupt a system specifically designed to insure payment of these types of judgments where there are funds due and owing the employee.

The Claimant in this case had complied with all of the requirements of the Code of Civil Procedure regarding deduction orders and service upon the employer. (Ill. Rev. Stat., ch. 110, pars. 12—801 through 12—808.) Section 12—807 specifically states:

"If an employer fails to appear and answer as required by part 8 of Article XII of this Act, the Court *may* enter a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor."

It is the opinion of the Court based on the language in *Aurora National Bank v. Simpson* that the Claimant has a legitimate claim to the enforcement of the original wage deduction order. The amount of that claim is in dispute. It appears from the record that one additional wage deduction should have been made by the Human Rights Commission prior to the bankruptcy filed by Mr. Simpson. Had the State paid that amount initially, it may or may not have induced Simpson's bankruptcy to be filed sooner but in either event that figure is the appropriate amount for the Claimant in this matter. Given the language of section 12—807 of the Code of

Civil Procedure (Ill. Rev. Stat., ch. 110, par. 12—807), it *is* not mandatory that the conditional judgment be enforced against the employer and, under the circumstances, it is the Court's opinion that it would be inappropriate to do so.

Under *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86, 338 N.E.2d 876, the State is not immune from wage deduction proceedings under the Wage Deduction Act. Pursuant to *Aurora National Bank v. Simpson,* the Court of Claims is the appropriate forum to enter and enforce a conditional judgment against an employer. Under the facts as presented in this case, the judgment to be entered should only be the amount which would have been deducted from the employee's salary prior to the time he filed bankruptcy.

It is therefore ordered, adjudged and decreed that the Claimant be awarded the sum of six hundred forty three dollars ($643.00) plus statutory interest to run from September 9, 1982, in full settlement of this claim.